# Exhibit A

Verification, Case Docket, and Superior Court Documents

VERIFICATION

STATE OF ARIZONA     )
                     ) ss.
County of Maricopa   )

I, DIANA DAY, hereby state, under the penalty of perjury, that the following information is true to my knowledge, information and belief:

1.     I am the attorney for the State Defendants in the matter of *Sullivan v. United States of America, et al.*, Cause No. CV2015-053870, currently pending in the Superior Court of the State of Arizona, County of Maricopa, before the Honorable Aimee Anderson.

2.     On December 29, 2015, I filed a Notice of Removal under 28 U.S.C. § 1441(b) seeking to remove *Sullivan v. United States of America, et al.*, Cause No. CV2015-053870, to the United States District Court for the District of Arizona.

3.     In compliance with 28 U.S.C. § 1441(a) and L.R.Civ. 3.7(b), I certify that the attached documents are true and accurate copies of pleadings and other documents that were filed in the Superior Court of the State of Arizona, Maricopa, in *Sullivan v. United States of America, et al.*, Cause No. CV2015-053870.

4.     Also attached is a true and accurate copy of the court docket in *Sullivan v. United States of America, et al.*, Cause No. CV2015-053870.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

DATED this 29th day of December, 2015.

Diana Day
DIANA DAY

#4828392

Skip To MainContent

## The Judicial Branch of Arizona, Maricopa County

[                    ] [ Search ]

Civil Court Case Information - Case History

### Case Information

Case Number:  CV2015-053870     Judge:     Anderson, Aimee
File Date:      8/31/2015          Location:  Northeast
Case Type:     Civil

### Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Alinka Sullivan | Plaintiff | Female | Kira Schlesinger C |
| John Sullivan | Plaintiff | Male | Kira Schlesinger C |
| United States Of America Department Of Health & Human Services | Defendant | | Pro Per |
| Heather Means | Defendant | Female | Pro Per |
| Mercy Care Plan / Mercy Care Advantage | Defendant | | Pro Per |
| Cesare Dirienzi | Defendant | Male | Pro Per |
| Department Of Economic Security | Defendant | | Pro Per |
| Aetna Medicaid Medical Administrators L L C | Defendant | | Pro Per |
| Southwest Catholic Health Network Corporation | Defendant | | Pro Per |

### Case Documents

| Filing Date | Description | Docket Date | Filing Par |
|---|---|---|---|
| 12/23/2015 | AFS - Affidavit Of Service | 12/24/2015 | |
| NOTE: JANE DOE DIRIENZI | | | |
| 12/21/2015 | AFS - Affidavit Of Service | 12/23/2015 | |
| NOTE: CESARE DIRIENZI | | | |
| 12/9/2015 | 322 - ME: Notice Of Intent To Dismiss | 12/9/2015 | |
| 12/3/2015 | AFS - Affidavit Of Service | 12/7/2015 | |
| NOTE: AETNA MEDICAD ADMINISTRATORS LLC | | | |
| 12/3/2015 | AFS - Affidavit Of Service | 12/7/2015 | |
| NOTE: SOUTHWEST CATHOLIC HEALTH NETWORK CORPORATION | | | |
| 12/3/2015 | AFS - Affidavit Of Service | 12/7/2015 | |
| NOTE: DEPARTMENT OF ECONOMIC SECURITY | | | |
| 12/3/2015 | AFS - Affidavit Of Service | 12/7/2015 | |
| NOTE: HEATHER MEANS | | | |
| 11/30/2015 | AMC - Amended Complaint | 11/30/2015 | |
| NOTE: First Amended Complaint | | | |
| 8/31/2015 | COM - Complaint | 9/3/2015 | |
| 8/31/2015 | CCN - Cert Arbitration - Not Subject | 9/3/2015 | |
| 8/31/2015 | CSH - Coversheet | 9/3/2015 | |

### Case Calendar

**There are no calendar events on file**

### Judgments

**There are no judgments on file**

In the Superior Court of the State of Arizona

# CV2015-053870

MICHAEL K. JEANES, CLERK
BY  C. Trowell     DEP
FILED
15  AUG 31  PM 3: 26

**CIVIL COVER SHEET- NEW FILING ONLY**
(Please Type or Print)

Is Interpreter Needed? ☐ Yes ☒ No
If yes, what language:

To the best of my knowledge, all information is true and correct.

/s/ Kira A. Schlesinger
**Attorney/Pro Per Signature**
(If no attorney, YOUR signature)

Plaintiff's Attorney _Kira A. Schlesinger, Esq._

Attorney Bar Number _023450_

Plaintiff's Name(s) (List all)
_Alinka and John Sullivan, a married couple._

_____

_____

(List additional plaintiffs on page two and/or attach a separate sheet).

Plaintiff's Address:
c/o Schlesinger Conrad Law Firm

3936 E. Desert Cove Avenue, 1st Fl

Phoenix, AZ 85028

Defendant's Name(s): (List All)    HEATHER AND JOHN DOE MEANS, a married couple;
_UNITED STATES OF AMERICA, DHH_    See Attachment 1 for additional Defendants

(List additional defendants on page two and/or attach a separate sheet)

EMERGENCY ORDER SOUGHT: ☐ Temporary Restraining Order   ☐ Provisional Remedy   ☐ OSC

☐ Election Challenge   ☐ Employer Sanction   ☐ Other _____
(Specify)

☐ RULE 8(i) COMPLEX LITIGATION APPLIES. Rule 8(i) of the Rules of Civil Procedure defines a "Complex Case" as civil actions that require continuous judicial management. A typical case involves a large number of witnesses, a substantial amount of documentary evidence, and a large number of separately represented parties.

(Mark appropriate box on page two as to complexity, **in addition** to the Nature of Action case category.)

☐ THIS CASE IS ELIGIBLE FOR THE COMMERCIAL COURT UNDER RULE 8.1. Rule 8.1 defines a commercial case and establishes eligibility criteria for the commercial court. Generally, a commercial case primarily involves issues arising from a business contract or business transaction. However, consumer transactions are not eligible. A consumer transaction is one that is primarily for personal, family or household purposes. **Please review Rule 8.1 for a complete list of the criteria.** See http://www.superiorcourt.maricopa.gov/commercial-court/. You must check this box if this is an eligible commercial case. **In addition, mark the appropriate box below in the "Nature of Action" case category.** The words "commercial court assignment requested" must appear in the caption of the original complaint.

## NATURE OF ACTION

(Place an "X" next to the **one** case category that most accurately describes your primary case.)

**100 TORT MOTOR VEHICLE:**

☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

**110 TORT NON-MOTOR VEHICLE:**

☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☐ 113 Intentional Tort

☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☒ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

**120 MEDICAL MALPRACTICE:**

☐ 121 Physician M.D.   ☐ 123 Hospital
☐ 122 Physician D.O    ☐ 124 Other

Case No. _____

## 130 CONTRACTS:

- ☐ 131 Account (Open or Stated)
- ☐ 132 Promissory Note
- ☐ 133 Foreclosure
- ☐ 138 Buyer-Plaintiff
- ☐ 139 Fraud
- ☐ 134 Other Contract (i.e. Breach of Contract)
- ☐ 135 Excess Proceeds-Sale
- ☐ Construction Defects (Residential/Commercial)
  - ☐ 136 Six to Nineteen Structures
  - ☐ 137 Twenty or More Structures

## 150-199 OTHER CIVIL CASE TYPES:

- ☐ 156 Eminent Domain/Condemnation
- ☐ 151 Eviction Actions (Forcible and Special Detainers)
- ☐ 152 Change of Name
- ☐ 153 Transcript of Judgment
- ☐ 154 Foreign Judgment
- ☐ 158 Quiet Title
- ☐ 160 Forfeiture
- ☐ 175 Election Challenge
- ☐ 179 NCC-Employer Sanction Action
  (A.R.S. §23-212)
- ☐ 180 Injunction against Workplace Harassment
- ☐ 181 Injunction against Harassment
- ☐ 182 Civil Penalty
- ☐ 186 Water Rights (Not General Stream Adjudication)
- ☐ 187 Real Property
- ☐ Special Action against Lower Courts
  (See lower court appeal cover sheet in Maricopa)

- ☐ 194 Immigration Enforcement Challenge
  (§§1-501, 1-502, 11-1051)

## 150-199 UNCLASSIFIED CIVIL:

- ☐ Administrative Review
  (See lower court appeal cover sheet in Maricopa)
- ☐ 150 Tax Appeal
  (All other tax matters must be filed in the AZ Tax Court)
- ☐ 155 Declaratory Judgment
- ☐ 157 Habeas Corpus
- ☐ 184 Landlord Tenant Dispute- Other
- ☐ 190 Declaration of Factual Innocence
  (A.R.S. §12-771)
- ☐ 191 Declaration of Factual Improper Party Status
- ☐ 193 Vulnerable Adult (A.R.S. §46-451)
- ☐ 165 Tribal Judgment
- ☐ 167 Structured Settlement (A.R.S. §12-2901)
- ☐ 169 Attorney Conservatorships (State Bar)
- ☐ 170 Unauthorized Practice of Law (State Bar)
- ☐ 171 Out-of-State Deposition for Foreign Jurisdiction
- ☐ 172 Secure Attendance of Prisoner
- ☐ 173 Assurance of Discontinuance
- ☐ 174 In-State Deposition for Foreign Jurisdiction
- ☐ 176 Eminent Domain– Light Rail Only
- ☐ 177 Interpleader– Automobile Only
- ☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
- ☐ 183 Employment Dispute- Discrimination
- ☐ 185 Employment Dispute-Other
- ☐ 195(a) Amendment of Marriage License
- ☐ 195(b) Amendment of Birth Certificate
- ☐ 163 Other _____
  (Specify)

## COMPLEXITY OF THE CASE

If you marked the box on page one indicating that Complex Litigation applies, place an "X" in the box of no less than one of the following:

- ☐ Antitrust/Trade Regulation
- ☐ Construction Defect with many parties or structures
- ☐ Mass Tort
- ☐ Securities Litigation with many parties
- ☐ Environmental Toxic Tort with many parties
- ☐ Class Action Claims
- ☐ Insurance Coverage Claims arising from the above-listed case types
- ☐ A Complex Case as defined by Rule 8(i) ARCP

## Additional Plaintiff(s)

_____

_____

## Additional Defendant(s)

_____

_____

Attachment 1
(Civil Cove Sheet – CV10f)

ADDITIONAL DEFENDANTS:

1.  MERCY CARE PLAN/MERCY CARE ADVANTAGE, a business entity of unknown form;
2.  CESARE AND JANE DOE DIRIENZI, a married couple;
3.  DEPARTMENT OF ECONOMIC SECURITY, a governmental agency;
3.  AETNA MEDICAID MEDICAL ADMINISTRATORS, LLC, an Arizona limited liability company;
4.  DOES 1-100, inclusive;
5.  BLACK PARTNERSHIPS, 1-10, inclusive;
6.  WHITE CORPORATIONS, 1-50, inclusive.

MICHAEL K. JEANES, CLERK
BY *C. Trowel* DEP
FILED

**15** AUG 31 PM 3: 26

NAME: Kira A. Schlesinger, Schlesinger Conrad Law Firm

ADDRESS: 3936 E. Desert Cove Ave., 1st Fl

CITY, STATE, ZIP: Phoenix, AZ 85028

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

Alinka and John Sullivan, a married couple )
)
)
)
PLAINTIFF,

vs.

UNITED STATES OF AMERICA
(DEPARTMENT OF HEALTH & HUMAN
SERVICES), a governmental entity; et al.
DEFENDANT.

NO. __CV2015-053870__

**CERTIFICATE OF
COMPULSORY
ARBITRATION**

The undersigned certifies that the largest award sought by the complainant, including punitive damages, but excluding interest, attorneys' fees, and costs ┃does┃ / ~~does not~~ exceed limits set by Local Rule for compulsory arbitration. This case ~~is~~ / ┃is not┃ subject to the Uniform Rules of Procedure for Arbitration.

SUBMITTED this __31st__ day of __August__, 20 __15__ .

BY

Form #200 LRD 3/20/01 ALL RIGHTS RESERVED
© Clerk of Superior Court of Arizona in Maricopa County

MICHAEL K. JEANES
Clerk of the Superior Court
By Caitlyn Troxel, Deputy
Date 08/31/2015 Time 15:26:03

| Description | Amount |
|---|---|
| ---------- CASE# CV2015-053870 ---------- | |
| CIVIL NEW COMPLAINT | 319.00 |
| | |
| TOTAL AMOUNT | 319.00 |
| Receipt# 24757059 | |

1  Kira A. Schlesinger, Esq. (SB CA: 205357; AZ: 023450)
   **SCHLESINGER CONRAD LAW FIRM**
2  3936 E. Desert Cove Avenue, 1st Fl.
   Phoenix, Arizona 85028
3  Tel: 602-812-3661
   Fax: 480-522-3674
4  E-Mail: docket@schlesingerconrad.com

5  *Attorney for Plaintiffs Alinka and John Sullivan*

6

7                    STATE OF ARIZONA

8                  COUNTY OF MARICOPA

9             NORTHEAST JUDICIAL DISTRICT

10  ALINKA AND JOHN SULLIVAN,      )   CASE NO.:   CV2015-053870
    a married couple,              )
11                                 )
                                   )
           Plaintiffs,             )   COMPLAINT
12                                 )
                                   )
13  v.                             )   (*Assigned to Hon. _____   _____*)
                                   )
14  UNITED STATES OF AMERICA       )
    (DEPARTMENT OF HEALTH &        )
15  HUMAN SERVICES), a             )
    governmental entity;          )
    HEATHER AND JOHN DOE           )
16  MEANS, a married couple;       )
    MERCY CARE PLAN/MERCY          )
17  CARE ADVANTAGE, a business     )
    entity of unknown form;        )
18  CESARE AND JANE DOE            )
    DIRIENZI, a married couple;    )
19  DEPARTMENT OF ECONOMIC         )
    SECURITY, a governmental       )
20  agency;                        )
    AETNA MEDICAID MEDICAL         )
21  ADMINISTRATORS, LLC, an        )
    Arizona limited liability company; )
22  DOES 1-100, inclusive;         )
    BLACK PARTNERSHIPS, 1-10,      )
23  inclusive;                     )
    WHITE CORPORATIONS, 1-50,      )
24  inclusive,                     )
                                   )
25         Defendants.             )
                                   )
26  ─────────────────────────────  )

27       Come now Plaintiffs Alinka and John Sullivan and assert the following

28  Complaint against Defendants and each of them.

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL. PHOENIX, AZ 85028

## JURISDICTION AND VENUE

1.     The Court has subject matter jurisdiction over this case because the majority of events occurred in this jurisdiction, and because the damages exceed this Court's minimum jurisdictional amounts. The Court can assert personal jurisdiction over Defendants because they are located in this judicial district. Venue is proper in this District because the events complained of occurred and/or impacted the Plaintiffs in this venue.

## DEMAND FOR JURY TRIAL

2.     Plaintiff demands a jury trial.

## PARTIES

3.     Alinka Sullivan ("Alinka") is a married woman residing in Fountain Hills, Arizona, in the County of Maricopa.

4.     Alinka is the natural daughter of Ms. Margaret Lindsey Sullivan Pawlowski.  At all times relevant, Alinka enjoyed dual citizenship, United States and British.

5.     Until recently, Ms. Pawlowski was a resident of Arizona.  Pawlowski had given her power of attorney ("POA") to Alinka, and that POA was honored by Defendants Mercy Care Advantage and the Department of Economic Security, as Ms. Pawlowsky was receiving Medicare benefits at all times relevant.

6.     John Sullivan ("John") is the husband of Alinka, and resides with her in Fountain Hills, Arizona, County of Maricopa.  He is the son-in-law of Ms. Pawlowski.

7.      Defendant United States of America is a governmental entity that has contracted with various agencies including, upon information and belief, Arizona Health Care Cost Containment ("AHCCCS") through the Social Security Act and the Department of Health and Human Services.

8.      Defendant Heather Means is, at all times relevant, an employee of Mercy Care Plan/Mercy Care Advantage (collectively "Mercy Care"), which in turn

SCHLESINGER CONRAD LAW FIRM<br>3936 E. DESERT COVE AVENUE. 1ST FL., PHOENIX. AZ 85028



1  is contracted with AHCCCS.  Upon information and belief, Ms. Means assumed

2  and/or was assigned primary responsibility for the care of Mrs. Pawlowski.

3        9.      Defendant John Doe Means is, upon information and belief, the

4  husband of Heather Means.  Upon information and belief, all acts of Defendant

5  Heather Means were undertaken for the benefit of her marital community, and

6  John Doe Means is sued in his capacity as Heather Mean's spouse and as the

7  beneficiary of his wife's actions.

8        10.     Defendant Mercy Care, a business entity of unknown form that, upon

9  information and belief is a healthcare provider and administrative branch that is

10  subject to governmental rules regarding disclosure and dissemination of private

11  information.   Mercy Care "[s]ervices are funded mainly under contract with

12  AHCCCS and the Centers for Medicare and Medicaid Services (CMS).  As such, it

13  is governed by and intertwined with the Department of Health and Human

14  Resources and the Centers for Medicare & Medicaid Services.

15        11.     Aetna Medicaid Medical Administrators ("Aetna"), upon information

16  and belief, provides administrative and plan management services to Mercy Care,

17  and acts as the supervising agency for that plan and the federal benefits and

18  funding enjoyed by the plan.

19        12.     Defendant Cesare Dirienzi is, upon information and belief, an

20  employee of the Arizona Department of Economic Security, and was involved in

21  the wrongful investigation of Plaintiffs.

22        13.     Defendant Jane Doe Dirienzi is, upon information and belief, the wife

23  of Cesare Dirienzi.  Upon information and belief, all acts of Defendant Cesare

24  Dirienzi were undertaken for the benefit of his marital community, and Jane Doe

25  Dirienzi is sued in her capacity as Ceasar Dirienzi's spouse and as the beneficiary

26  of her husband's actions.

27        14.     The Department of Economic Security is an Arizona agency that

28  oversees elder care and AHCCCS in Maricopa County, including but not limited to

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE. 1ST FL., PHOENIX. AZ 85028



1   oversight of Adult Protective Services Arizona, Division of Aging and Community

2   Services (collectively "DES").  As such, DES is ultimately the supervising entity for

3   Heather Means, Mercy Care, Dirienzi, and Aetna.  The agency has primary

4   responsibility for ensuring that its employees and departments act in a

5   professional and legal manner.   Further, the processes and systems that

6   employees adhere to are, upon information and belief, overseen with and

7   intertwined with AHCCCS and the Department of Health and Human Services.

8        15.     Upon information and belief, Means, Dirienzi, and DOES each

9   committed the acts complained of herein while acting beyond the course and

10  scope of such employment, and acted with actual malice toward Plaintiff.

11       16.     Upon information and belief, DOES 1-100, BLACK PARTNERSHIPS,

12  1-10, and WHITE CORPORATIONS, 1-50, are fictitiously named individuals and

13  entities that caused or contributed to the harm and damages stated herein.

14  Plaintiff reserves the right to amend this Complaint once discovery reveals the

15  true identities of such individuals and/or entities.

16       17.     Plaintiffs are informed and believe, and thereon allege, that at all

17  times herein mentioned each of the defendants was the agent, employee or co-

18  conspirator of the other defendants, and was at all times herein mentioned acting

19  within the scope of such agency or employment or co-conspiracy.

20                       **BACKGROUND OF EVENTS**

21       18.     Mrs. Pawlowski moved to Arizona with her daughter, Alinka Sullivan.

22  Alinka took on the task of being the primary caregiver for her mother, and housed

23  Ms. Pawlowski in her own home for an extended period of time.

24       19.     During this period, Ms. Pawlowski qualified for AHCCCS, which is

25  how Mercy Care became involved in Ms. Pawlowski's treatment and care.

26  However, Mercy Care did very little to assist.

27       20.     In 2010, Ms. Pawlowski moved with her daughter, Alinka and her

28  husband, to Arizona.  At that time, Ms. Pawlowski had already been diagnosed



SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE. 1ST FL., PHOENIX, AZ 85028

with Parkinson's disease.  Ms. Pawlowski had her own room and private bath in Alinka and John's home.

21.    From age 90 to 92, Ms. Pawlowski's Parkinson's gradually became worse and the visitations to the doctors' offices were doubling, and so were her falls.

22.    Alinka had Ms. Pawlowski examined at the Mayo Clinic in Scottsdale, Arizona, where Ms. Pawlowski was diagnosed with Parkinsonism.  Her medications were monitored and her mental and physical problems were assessed.  By this time, it was clear that her symptoms could not adequately be controlled by medications.

23.    Alinka determined to help her mother return to Ms. Pawlowski's native Scotland, as it was clear her time to do so was short.

24.    As her mother deteriorated, Alinka made it clear that Mercy Care and the purported case worker, Heather Means, had failed to provide either the medical oversight or financial assistance that they were obligated to provide.

25.    Upon information and belief, Defendant Means wrongfully initiated an investigation of Alinka in retaliation for Alinka's protests.

26.    Upon further information and belief, that investigation was not supported by the factual record, and Defendants knew or should have known that the allegations were defamatory and unmeritorious.  Nevertheless, it was prosecuted fully and vindictively by Defendant Cesare Dirienzi on behalf of the Defendant DES with the support and active participation and urging of Means.

27.    Alinka helped relocate her mother to Dundee, Scotland.  Ms. Pawlowski was situated in Bridge View House, a care facility in Dundee.  Before long, the staff at Bridge View opined that they were unable to provide Ms. Pawlowski with the level of care that she needed, and another placement was contemplated.

/ / /



28.     Based upon the wrongful investigation and the unfounded allegations that were spitefully transmitted to the City of Dundee by Defendants and each of them, Dundee initiated actions to remove Alinka as her mother's medical and financial power of attorney.

29.     To achieve that end, Dundee filed documents with the Dundee Sheriff to have the City Council of Dundee be appointed as Ms. Pawlowski's guardian.

30.     This action was based, in significant part, on the retaliatory allegations by Mercy Care and/or its agents, including but not limited to allegations that Alinka had abused her mother, mishandled social security benefits and attempted to overdose her own mother.

31.     Because Mercy Care, at all times relevant, knew that such accusations were baseless, and nevertheless communicated these libelous comments to both the U.S. and Scottish authorities, Alinka has been irreparably harmed.

32.     Moreover, even when definitive evidence that the claims were unsupported emerged, Mercy Care did nothing to retract the statements or update the government entities in Dundee.

33.     As a result, Alinka has been deprived of any role in her mother's life. She is unable to make decisions on her mother's behalf; guardianship has transferred to the City Council of Dundee.

34.     Alinka has been denied access to her mother.  Alinka and John are not even permitted to visit Ms. Pawlowski in Scotland despite having flown thousands of miles to do so.  They were turned away at the door of the nursing facility.

35.     So thoroughly did Defendants defame Alinka, even phone calls have been unavailing in discovering Ms. Pawlowski's current medical condition.  The Dundee personnel refuse to provide Alinka with information and, for the most part, refuse to take her calls.  She is unable to even speak to her mother by phone.

/ / /

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE. 1ST FL., PHOENIX, AZ 85028



**FIRST CAUSE OF ACTION**
**Defamation *Per Se***
**(Against All Defendants)**

46.     All allegations and assertions stated above are incorporated herein as though fully set forth.

47.     The publication of information regarding Alinka Sullivan was false.

48.     The publication directly impugned her character, her honesty and her morals.  Specifically, the publication stated that Alinka had attempted to overdose her mother, mishandled funds from Medicare intended for the care of her mother, and physically abused her mother.

49.     The statements made by Defendants, and each of them, were not privileged.

50.     The published statements were made by Defendants in their official capacities as employees of Maricopa County, and acting beyond the scope of those duties.

51.     At a minimum, the statements made by Defendants, particularly, Heather Means and Cesare Dirienzi, demonstrated a reckless disregard for the truth of the matters asserted.

52.     The statements were made with malice in that they were made to prevent Alinka Sullivan from bringing to light the problems with AHCCCS and related systems.

53.     As such, Defendants are liable to Plaintiffs in an amount to be proven at trial, but not less than the jurisdictional minimums of this Court.

54.     In addition, because the statements and disclosures were made with malice, Defendants are liable for punitive damages.

**SECOND CAUSE OF ACTION**
**Defamation—False Light**
**(Against All Defendants)**

55.     All allegations and assertions stated above are incorporated herein as though fully set forth.



1    turned away at the door of the care facility due to the wrongful publication by

2    Defendants .

3        66.    Because of these wrongful allegations, Alinka feared that she would

4    never again be able to see her mother before she passes.  This led to feelings of

5    conflict and guilt, even though she knows logically she could have done nothing

6    more to help her mother.

7        67.    Alinka's nervousness and stress have affected her work as a writer, as

8    she has been unable to concentrate on her profession as a romance writer, and the

9    situation has caused her to postpone a book she was developing about her mother.

10       68.    John and Alinka have both suffered as a result of the situation created

11   by Defendants, and have suffered substantial damages and mental anguish.

12       69.    Additionally, John and Alinka have lost aspects of their marital

13   relationship that they once enjoyed.

### FOURTH CAUSE OF ACTION
#### (Abuse of Process)
#### (Against All Defendants)

16       70.    All allegations and assertions stated above are incorporated herein as

17   though fully set forth.

18       71.    Defendants instituted an investigation and transmitted incorrect

19   information about that investigation to the Sheriff of Dundee, Scotland.

20       72.    The investigation was initiated in order to pressure Plaintiff to stop

21   complaining about the failures of Mercy Care and DES, and Defendant Means in

22   particular, to perform basic job functions.

23       73.    The transmission of the misinformation was clearly in connection

24   with a judicial proceeding, *i.e.*, the removal of Alinka as her mother's guardian.

25       74.    This resulted in Alinka not even being able to see her aged and ill

26   mother, despite having traveled to Scotland to do so.

27   / / /

28   / / /

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE. 1ST FL. PHOENIX, AZ 85028



1    75.    As a direct and proximate result of this abuse of process, Plaintiffs

2  have been damaged emotionally, and financially.  She has also been damaged in

3  attorney's fees and costs.

### FIFTH CAUSE OF ACTION
### (Civil Conspiracy)
### (Against All Defendants)

7    76.    All allegations and assertions stated above are incorporated herein as

8  though fully set forth.

9    77.    Defendants, including but not limited to Means and Dirienzi, acted

10  jointly in initiating and/or pursuing an investigation that was undertaken with the

11  specific wrongful purpose of ensuring that Alinka was prevented from exposing

12  Means and the State of Arizona's mishandling of funds and refusal to provide

13  benefits to qualifying individuals such as Ms. Pawlowski.

14    78.    Means, in concert with Dirienzi and each Defendant and/or their

15  supervisors and administrators, knowingly pursued an investigation against

16  Alinka to ensure that she did not expose Defendants' failure to comply with

17  regulations.

18    79.    The unfounded investigation and subsequent unsubstantiated

19  allegations constitute a tort as well as a violation of 28 U.S.C. § 1985, for which all

20  participants are jointly and severally liable.

21    80.    As a direct and proximate cause of this civil conspiracy, Plaintiffs

22  have been damaged financially and emotionally, according to proof at trial.

23    81.    Further, because this conspiracy was undertaken with an evil intent,

24  Defendants, and each of them, will be liable for punitive damages.

### SIXTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against All Defendants)

27    82.    All allegations and assertions stated above are incorporated herein as

28  though fully set forth.

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL, PHOENIX, AZ 85028



83.     The acts by Defendants were and are extreme and outrageous in that that Defendants intentionally caused or recklessly disregarded near certainty that Alinka would be significantly distressed by being accused of mistreating her mother and absconding with Medicare funds.

84.     Alinka and John's distress is the natural result of Defendants' conduct.

85.     The distress was exacerbated by the disclosure of these unfounded and evil allegations to the City of Dundee and others.

86.     As a direct and proximate result of these intentional and outrageous acts, Plaintiffs have suffered and continue to suffer anxiety, emotional distress, depression, sleeplessness, headaches, inability to concentrate and other manifestations of extreme distress, as will be proven at trial.

## SEVENTH CAUSE OF ACTION

### Violation of 42 U.S.C. § 1983, *et seq.*

(Against All Defendants)

87.     All allegations and assertions stated above are incorporated herein as though fully set forth.

88.     Defendants, including but not limited to AHCCCS and its agents, created a system by which the good name of a citizen can be destroyed with no procedure to either prevent that damage or correct it.

89.     The policy and custom of AHCCCS, DES and Mercy Care is one that requires and condones the investigation of any alleged elder abuse.

90.     That policy and custom, however, does not provide for any restrictive or even instructive guidelines as to dissemination of that information or, upon information and belief, require that any dissemination be prohibited until the investigation is complete.

91.     This policy and lack of oversight created a situation where, as here, a vindictive or threatened employee could and did use the established policies of the

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



1    governmental agencies to wreak havoc on an innocent individual for personal and

2    malicious ends, all under the guise of the government's ordinary interests.

3        92.    Specifically, by instigating a spurious investigation targeting Alinka,

4    and then prematurely publishing the unsupported allegations to third parties,

5    including the City of Dundee, Means and Dirienzi acted to prevent Alinka from

6    revealing the malfeasance that is inherent in the systems at DES and Mercy Care,

7    and particularly the problems with Defendants' own job performance.

8        93.    The system put in place for investigation permitted disclosure, but

9    could not have permitted defamatory, unsupported statements to be disclosed

10   about an individual without providing any recourse to such victim to clear her

11   good name.

12       94.    Defendants did not provide Alinka with any notice that the

13   unfounded allegations would be published to a foreign government in connection

14   with legal proceedings.

15       95.    Defendants' custom and practice is to provide truthful information to

16   third parties, but there is no similar custom and practice providing for even

17   notification to the accused or any procedure to correct erroneous information

18   prior to or after wrongful disclosure .

19       96.    This lack of any procedure for notification or exoneration acts to

20   deprive innocent citizens of their due process rights, as well as their property,

21   privacy and liberty interests.

22       97.    In this case, DES did not have a right to disclose personal information

23   regarding Alinka, much less false information, and fail to provide any process by

24   which to prevent or rectify such disclosure.  Alinka never had a procedural

25   safeguard to establish her innocence before such information was disclosed.

26       98.    In failing to provide any notice or recourse prior to publication,

27   Defendants, *inter alia,* violated of Alinka's rights of privacy, due process and

28   liberty.

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



99.   As a direct and proximate result of these wrongful disclosures, Alinka has been harmed in ability to communicate, visit or be involved with her dying mother, to her great emotional distress and mental anguish, in addition to out of pocket expenses in an amount to be proven at trial, but not less than the jurisdictional minimums of this Court.

100.   Additionally, she and John Sullivan have suffered significant damage to their marital relationship, and lost the love, affection and assistance to their household that they have valued.

### EIGHTH CAUSE OF ACTION
### Respondeat Superior.
### (Against Mercy Care, Aetna and DES and Health and Human Services)

101.   All allegations and assertions stated above are incorporated herein as though fully set forth.

102.   Heather Means was, upon information and belief and at all times relevant, an employee of Mercy Care, and through Mercy Care, a health plan supervised and/or administered by Aetna.

103.   Mercy Care and/or Aetna employed Means to oversee qualifying individuals' medical care and well-being.

104.   As a part of that employment, Means was to investigate any wrongdoing and take appropriate action within the course of her employment.

105.   Means' superiors hired her to perform these oversight duties.

106.   Means acted to prevent problems within the systems designed by her employers from being brought to light.  She acted with reckless disregard of the truth of the serious and defamatory allegations she asserted against Alinka.  She exceeded any honest discharge of her employment duties, but her supervisors either condoned these actions or turned a blind eye to them as they furthered the illicit interests of Mercy Care and/or Aetna.

/ / /

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



107.  Because of this complicity conduct, Mercy Care and/or Aetna will be vicariously liable for her tortious acts.

108.  Cesare Dirienzi was, upon information and belief and at all times relevant, an employee of DES, and through this department, an employee of the United States of America, Department of Health and Human Services ("HHS").

109.  DES and HHS employed Dirienzi to investigate potential wrongdoing as reported by Means and others.

110.  As a part of that employment, Dirienzi was to investigate any wrongdoing and take appropriate action within the course of his employment.

111.  Dirienzi's superiors hired him to perform these duties.

112.  Dirienzi, upon information and belief, acted in concert with Means to prevent problems within the systems designed by his and Means' employers from being brought to light.  He acted with reckless disregard of the truth of the serious and defamatory allegations she asserted against Alinka.  He exceeded any honest discharge of his employment duties, but his supervisors either condoned these actions or turned a blind eye to them as they furthered the illicit interests of DES and/or HSS.

113.  Therefore, DES and HSS will be vicariously liable for his tortious acts.

114.  As a direct and proximate result of the failure to properly oversee these employees and/or correct the problems and bring these public matters to light, Alinka and John Sullivan have been damaged emotionally, financially, suffered a loss of consortium and other damages to be proven at trial.

115.  Alinka has also been damaged as described above in the Seventh Cause of Action because the Supervising Entities failed to provide any adequate process to ensure that their employees did not maliciously manipulate their job duties to injure, suppress and defame an innocent citizen.

116.  Further, upon information and belief the Supervising Entities failed to train in the importance of ensuring that any allegations published were correct,



SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE. 1ST FL., PHOENIX, AZ 85028

1   or to provide adequate process for wrongfully accused individuals such as Alinka

2   to clear her good name.

PRAYER

3

4       1.  For judgment against Defendants and each of them for monetary

5   damages sufficient to compensate Plaintiffs for, *inter alia*, out-of-pocket costs,

6   emotional distress, loss of reputation and loss of consortium in an amount to be

7   proven at trial but not less than the jurisdictional minimums of this Court;

8       2.      For punitive damages sufficient to prevent future conduct and to

9   punish Defendants for their malicious acts;

10      3.      For an order of attorney's costs and fees;

11      4.      For such further and other legal and equitable relief as this Court may

12  find just and proper.

13  Dated: August 31, 2015        SCHLESINGER CONRAD LAW FIRM

14

15                              By _____

16                                  Kira A. Schlesinger
                                    Attorneys for Plaintiffs
17                                  Alinka and John Sullivan

18

19

20

21

22

23

24

25

26

27

28

*Left margin, vertical text:* SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE. 1ST FL., PHOENIX, AZ 85028



Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
K. Dyer, Deputy
11/30/2015 12:28:00 PM
Filing ID 7030481

Kira A. Schlesinger, Esq. (SB CA: 205357; AZ: 023450)
SCHLESINGER CONRAD LAW FIRM
3936 E. Desert Cove Avenue, 1st Fl.
Phoenix, Arizona 85028
Tel: 602-812-3661
Fax: 480-522-3674
E-Mail: docket@schlesingerconrad.com

*Attorney for Plaintiffs Alinka and John Sullivan*

STATE OF ARIZONA

COUNTY OF MARICOPA

NORTHEAST JUDICIAL DISTRICT

| | |
|---|---|
| ALINKA AND JOHN SULLIVAN, a married couple, | CASE NO.:  CV 2015-053870 |
| Plaintiffs, | FIRST AMENDED COMPLAINT |
| v. | *(Assigned to Hon. Aimee Anderson)* |
| UNITED STATES OF AMERICA (DEPARTMENT OF HEALTH & HUMAN SERVICES), a governmental entity; HEATHER AND JOHN DOE MEANS, a married couple; SOUTHWEST CATHOLIC HEALTH NETWORK CORPORATION, an Arizona non-profit corporation, dba MERCY CARE PLAN/MERCY CARE ADVANTAGE, a business entity of unknown form; CESARE AND JANE DOE DIRIENZI, a married couple; DEPARTMENT OF ECONOMIC SECURITY, a governmental agency; AETNA MEDICAID MEDICAL ADMINISTRATORS, LLC, an Arizona limited liability company; DOES 1-100, inclusive; BLACK PARTNERSHIPS, 1-10, inclusive; WHITE CORPORATIONS, 1-50, inclusive, | |
| Defendants. | |

COMPLAINT
1

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028

Come now Plaintiffs Alinka and John Sullivan and assert the following Complaint against Defendants and each of them.

### JURISDICTION AND VENUE

1.     The Court has subject matter jurisdiction over this case because the majority of events occurred in this jurisdiction, and because the damages exceed this Court's minimum jurisdictional amounts. The Court can assert personal jurisdiction over Defendants because they are located in this judicial district. Venue is proper in this District because the events complained of occurred and/or impacted the Plaintiffs in this venue.

### DEMAND FOR JURY TRIAL

2.     Plaintiff demands a jury trial.

### PARTIES

3.     Alinka Sullivan ("Alinka") is a married woman residing in Fountain Hills, Arizona, in the County of Maricopa.

4.     Alinka is the natural daughter of Ms. Margaret Lindsey Sullivan Pawlowski.  At all times relevant, Alinka enjoyed dual citizenship, United States and British.

5.     Until recently, Ms. Pawlowski was a resident of Arizona.  Pawlowski had given her power of attorney ("POA") to Alinka, and that POA was honored by Defendants Mercy Care Advantage and the Department of Economic Security, as Ms. Pawlowsky was receiving Medicare benefits at all times relevant.

6.     John Sullivan ("John") is the husband of Alinka, and resides with her in Fountain Hills, Arizona, County of Maricopa.  He is the son-in-law of Ms. Pawlowski.

7.      Defendant United States of America is a governmental entity that has contracted with various agencies including, upon information and belief, Arizona Health Care Cost Containment ("AHCCCS") through the Social Security Act and the Department of Health and Human Services.



SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028

8.    Defendant Heather Means is, at all times relevant, an employee of Mercy Care Plan/Mercy Care Advantage (collectively "Mercy Care"), which in turn is contracted with AHCCCS.  Upon information and belief, Ms. Means assumed and/or was assigned primary responsibility for the care of Mrs. Pawlowski.

9.    Defendant John Doe Means is, upon information and belief, the husband of Heather Means.  Upon information and belief, all acts of Defendant Heather Means were undertaken for the benefit of her marital community, and John Doe Means is sued in his capacity as Heather Mean's spouse and as the beneficiary of his wife's actions.

10.    Defendant SOUTHWEST CATHOLIC HEALTH NETWORK CORPORATION , an Arizona non-profit corporation, is doing business as Mercy Care Plan,  and , upon information and belief is a healthcare provider and administrative branch that is subject to governmental rules regarding disclosure and dissemination of private information.   Mercy Care "[s]ervices are funded mainly under contract with AHCCCS and the Centers for Medicare and Medicaid Services (CMS)." [1]  As such, it is governed by and intertwined with the Department of Health and Human Resources and the Centers for Medicare & Medicaid Services. 10.    Aetna Medicaid Medical Administrators ("Aetna"), upon information and belief, provides administrative and plan management services to Mercy Care, and acts as the supervising agency for that plan and the federal benefits and funding enjoyed by the plan.

11.    Defendant Cesare Dirienzi is, upon information and belief, an employee of the Arizona Department of Economic Security, and was involved in the wrongful investigation of Plaintiffs.

12.    Defendant Jane Doe Dirienzi is, upon information and belief, the wife of Cesare Dirienzi.  Upon information and belief, all acts of Defendant Cesare

---

[1] https://www.mercycareplan.com/about-us, visited 11/25/2015 8:38 AM.



SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE. 1ST FL., PHOENIX, AZ 85028

1  Dirienzi were undertaken for the benefit of his marital community, and Jane Doe

2  Dirienzi is sued in her capacity as Ceasar Dirienzi's spouse and as the beneficiary

3  of her husband's actions.

4      13.      The Department of Economic Security is an Arizona agency that

5  oversees elder care and AHCCCS in Maricopa County, including but not limited to

6  oversight of Adult Protective Services Arizona, Division of Aging and Community

7  Services (collectively "DES").  As such, DES is ultimately the supervising entity for

8  Heather Means, Mercy Care, Dirienzi, and Aetna.  The agency has primary

9  responsibility for ensuring that its employees and departments act in a

10  professional and legal manner.   Further, the processes and systems that

11  employees adhere to are, upon information and belief, overseen with and

12  intertwined with AHCCCS and the Department of Health and Human Services.

13      14.      Upon information and belief, Means, Dirienzi, and DOES each

14  committed the acts complained of herein while acting beyond the course and

15  scope of such employment, and acted with actual malice toward Plaintiff.

16      15.      Upon information and belief, DOES 1-100, BLACK PARTNERSHIPS,

17  1-10, and WHITE CORPORATIONS, 1-50, are fictitiously named individuals and

18  entities that caused or contributed to the harm and damages stated herein.

19  Plaintiff reserves the right to amend this Complaint once discovery reveals the

20  true identities of such individuals and/or entities.

21      16.      Plaintiffs are informed and believe, and thereon allege, that at all

22  times herein mentioned each of the defendants was the agent, employee or co-

23  conspirator of the other defendants, and was at all times herein mentioned acting

24  within the scope of such agency or employment or co-conspiracy.

25                    **BACKGROUND OF EVENTS**

26      17.      Mrs. Pawlowski moved to Arizona with her daughter, Alinka Sullivan.

27  Alinka took on the task of being the primary caregiver for her mother, and housed

28  Ms. Pawlowski in her own home for an extended period of time.



18.     During this period, Ms. Pawlowski qualified for AHCCCS, which is how Mercy Care became involved in Ms. Pawlowski's treatment and care. However, Mercy Care did very little to assist.

19.     In 2010, Ms. Pawlowski moved with her daughter, Alinka and her husband, to Arizona.  At that time, Ms. Pawlowski had already been diagnosed with Parkinson's disease.  Ms. Pawlowski had her own room and private bath in Alinka and John's home.

20.     From age 90 to 92, Ms. Pawlowski's Parkinson's gradually became worse and the visitations to the doctors' offices were doubling, and so were her falls.

21.     Alinka had Ms. Pawlowski examined at the Mayo Clinic in Scottsdale, Arizona, where Ms. Pawlowski was diagnosed with Parkinsonism.  Her medications were monitored and her mental and physical problems were assessed.  By this time, it was clear that her symptoms could not adequately be controlled by medications.

22.     Alinka determined to help her mother return to Ms. Pawlowski's native Scotland, as it was clear her time to do so was short.

23.     As her mother deteriorated, Alinka made it clear that Mercy Care and the purported case worker, Heather Means, had failed to provide either the medical oversight or financial assistance that they were obligated to provide.

24.     Upon information and belief, Defendant Means wrongfully initiated an investigation of Alinka in retaliation for Alinka's protests.

25.     Upon further information and belief, that investigation was not supported by the factual record, and Defendants knew or should have known that the allegations were defamatory and unmeritorious.  Nevertheless, it was prosecuted fully and vindictively by Defendant Cesare Dirienzi on behalf of the Defendant DES with the support and active participation and urging of Means.

26.     Alinka helped relocate her mother to Dundee, Scotland.  Ms.



COMPLAINT

5

1 Pawlowski was situated in Bridge View House, a care facility in Dundee.  Before

2 long, the staff at Bridge View opined that they were unable to provide Ms.

3 Pawlowski with the level of care that she needed, and another placement was

4 contemplated.

5     28.    Based upon the wrongful investigation and the unfounded allegations

6 that were spitefully transmitted to the City of Dundee by Defendants and each of

7 them, Dundee initiated actions to remove Alinka as her mother's medical and

8 financial power of attorney.

9     29.    To achieve that end, Dundee filed documents with the Dundee Sheriff

10 to have the City Council of Dundee be appointed as Ms. Pawlowski's guardian.

11     30.    This action was based, in significant part, on the retaliatory

12 allegations by Mercy Care and/or its agents, including but not limited to

13 allegations that Alinka had abused her mother, mishandled social security benefits

14 and attempted to overdose her own mother.

15     31.    Because Mercy Care, at all times relevant, knew that such accusations

16 were baseless, and nevertheless communicated these libelous comments to both

17 the U.S. and Scottish authorities, Alinka has been irreparably harmed.

18     32.    Moreover, even when definitive evidence that the claims were

19 unsupported emerged, Mercy Care did nothing to retract the statements or update

20 the government entities in Dundee.

21     33.    As a result, Alinka has been deprived of any role in her mother's life.

22 She is unable to make decisions on her mother's behalf; guardianship has

23 transferred to the City Council of Dundee.

24     34.    Alinka has been denied access to her mother.  Alinka and John are

25 not even permitted to visit Ms. Pawlowski in Scotland despite having flown

26 thousands of miles to do so.  They were turned away at the door of the nursing

27 facility.

28     35.    So thoroughly did Defendants defame Alinka, even phone calls have



SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE. 1ST FL., PHOENIX, AZ 85028

1   been unavailing in discovering Ms. Pawlowski's current medical condition.  The
2   Dundee personnel refuse to provide Alinka with information and, for the most
3   part, refuse to take her calls.  She is unable to even speak to her mother by phone.

4       36.   Alinka's reputation has been slandered such that a forthcoming book
5   written by Alinka about her mother is now jeopardized.  As a successful author,
6   these malicious misrepresentations will have a profound financial impact on Ms.
7   Sullivan.

8       37.   DES is covered by HIPAA laws. The agencies claim that they will not
9   release the individual's private health information except under specified
10  situations.  One of those situations is if the protected individual is the victim of
11  abuse, neglect or domestic violence.

12      38.   The policy and procedure of the DES states that they will release
13  private information regarding the protected individual without an authorization.

14      39.   DES released information about allegations by Mercy Care and DES
15  without any notice either to Margaret Pawlowski or to Alinka Sullivan.

16      40.   Alinka Sullivan is not a "protected individual" who was  "victim"
17  subject to information regarding her being disclosed without an authorization.

18      41.   Alinka Sullivan was never notified of the disclosure, but is informed
19  and believes that the disclosure erroneously and maliciously included allegations
20  of elder abuse and that she had "overdosed" her mother, Ms. Pawlowski.

21      42.   Although Alinka was exonerated and the investigation closed, the
22  disclosure included the unsubstantiated allegations, and Defendants failed to
23  retract the information, despite request.

24      43.   There was no plan or procedure in place to prevent such
25  inappropriate disclosure.

26      44.   Most critically, there is no procedure in place by which Alinka can
27  clear her good name and reestablish visitation and/or communication with her
28  elderly and ill mother.



SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE. 1ST FL., PHOENIX, AZ 85028

45.  Notice of Claim was provided to all relevant defendants on March 16, 2015.  That claim was rejected by the governmental entities on April 24, 2015.

### FIRST CAUSE OF ACTION
### Defamation *Per Se*
### (Against All Defendants)

46.  All allegations and assertions stated above are incorporated herein as though fully set forth.

47.  The publication of information regarding Alinka Sullivan was false.

48.  The publication directly impugned her character, her honesty and her morals.  Specifically, the publication stated that Alinka had attempted to overdose her mother, mishandled funds from Medicare intended for the care of her mother, and physically abused her mother.

49.  The statements made by Defendants, and each of them, were not privileged.

50.  The published statements were made by Defendants in their official capacities as employees of Maricopa County, and acting beyond the scope of those duties.

51.  At a minimum, the statements made by Defendants, particularly, Heather Means and Cesare Dirienzi, demonstrated a reckless disregard for the truth of the matters asserted.

52.  The statements were made with malice in that they were made to prevent Alinka Sullivan from bringing to light the problems with AHCCCS and related systems.

53.  As such, Defendants are liable to Plaintiffs in an amount to be proven at trial, but not less than the jurisdictional minimums of this Court.

54.  In addition, because the statements and disclosures were made with malice, Defendants are liable for punitive damages.

### SECOND CAUSE OF ACTION

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028

**Defamation—False Light
(Against All Defendants)**

55.     All allegations and assertions stated above are incorporated herein as though fully set forth.

56.     Defendants, and each of them, knowingly and/or recklessly published false information and innuendo about the Plaintiff, Alinka Sullivan.

57.     The information, that she had overdosed her mother, misused social security benefits and failed to provide appropriate care for her mother, paints a picture that was, and would normally be, highly offensive to a reasonable person.

58.     The statement is a major misrepresentation of Alinka Sullivan's character, history, activities or beliefs.

59.     Alinka Sullivan is not a public figure.

60.     None of the claims were true; each was known to be false or could easily have been ascertained to be false had Defendants not acted negligently in failing to determine the truth of the matters before publication.

61.     Defendants subjected Alinka Sullivan to this false light invasion of privacy as a result of the evil hand guided by Defendants' evil mind.  Specifically, they sought to cast Alinka in a derogatory light in order to prevent her from raising malfeasance by Mercy Care, DES and other Defendants.   Alinka is, therefore, entitled to punitive damages.

62.     As a direct and proximate cause of the false light publicity to which Defendants subjected Alinka Sullivan, she has suffered, *inter alia,* emotional distress and out of pocket expenses, as well as attorney's fees and costs, subject to proof at trial.

63.     As a further direct and proximate result of the improper allegations and witch-hunt style investigation into allegations known to be false, Alinka and John Sullivan have suffered mental anguish and distress caused thereby, as well as feelings of anxiety, guilt and depression.

64.     Alinka and her husband, John, have been denied the right to see or

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028

1 communicate with Ms. Pawlowski in any meaningful or intimate manner.

2       65.     Further, after attempting to see Ms. Pawlowski after flying to

3 Scotland, both John and Alinka were humiliated and frustrated when they were

4 turned away at the door of the care facility due to the wrongful publication by

5 Defendants .

6       66.     Because of these wrongful allegations, Alinka feared that she would

7 never again be able to see her mother before she passes.  This led to feelings of

8 conflict and guilt, even though she knows logically she could have done nothing

9 more to help her mother.

10      67.     Alinka's nervousness and stress have affected her work as a writer, as

11 she has been unable to concentrate on her profession as a romance writer, and the

12 situation has caused her to postpone a book she was developing about her mother.

13      68.     John and Alinka have both suffered as a result of the situation created

14 by Defendants, and have suffered substantial damages and mental anguish.

15      69.     Additionally, John and Alinka have lost aspects of their marital

16 relationship that they once enjoyed.

**FOURTH CAUSE OF ACTION**
**(Abuse of Process)**
**(Against All Defendants)**

17
18

19      70.     All allegations and assertions stated above are incorporated herein as

20 though fully set forth.

21      71.     Defendants instituted an investigation and transmitted incorrect

22 information about that investigation to the Sheriff of Dundee, Scotland.

23      72.     The investigation was initiated in order to pressure Plaintiff to stop

24 complaining about the failures of Mercy Care and DES, and Defendant Means in

25 particular, to perform basic job functions.

26      73.     The transmission of the misinformation was clearly in connection

27 with a judicial proceeding, *i.e.*, the removal of Alinka as her mother's guardian.

28      74.     This resulted in Alinka not even being able to see her aged and ill

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028

1   mother, despite having traveled to Scotland to do so.

2   75.   As a direct and proximate result of this abuse of process, Plaintiffs

3   have been damaged emotionally, and financially.  She has also been damaged in

4   attorney's fees and costs.

**FIFTH CAUSE OF ACTION**
**(Civil Conspiracy)**
**(Against All Defendants)**

8   76.   All allegations and assertions stated above are incorporated herein as

9   though fully set forth.

10   77.   Defendants, including but not limited to Means and Dirienzi, acted

11   jointly in initiating and/or pursuing an investigation that was undertaken with the

12   specific wrongful purpose of ensuring that Alinka was prevented from exposing

13   Means and the State of Arizona's mishandling of funds and refusal to provide

14   benefits to qualifying individuals such as Ms. Pawlowski.

15   78.   Means, in concert with Dirienzi and each Defendant and/or their

16   supervisors and administrators, knowingly pursued an investigation against

17   Alinka to ensure that she did not expose Defendants' failure to comply with

18   regulations.

19   79.   The unfounded investigation and subsequent unsubstantiated

20   allegations constitute a tort as well as a violation of 28 U.S.C. § 1985, for which all

21   participants are jointly and severally liable.

22   80.   As a direct and proximate cause of this civil conspiracy, Plaintiffs

23   have been damaged financially and emotionally, according to proof at trial.

24   81.   Further, because this conspiracy was undertaken with an evil intent,

25   Defendants, and each of them, will be liable for punitive damages.

26   / / /

**SIXTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**
(Against All Defendants)



SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028

82.   All allegations and assertions stated above are incorporated herein as though fully set forth.

83.   The acts by Defendants were and are extreme and outrageous in that that Defendants intentionally caused or recklessly disregarded near certainty that Alinka would be significantly distressed by being accused of mistreating her mother and absconding with Medicare funds.

84.   Alinka and John's distress is the natural result of Defendants' conduct.

85.   The distress was exacerbated by the disclosure of these unfounded and evil allegations to the City of Dundee and others.

86.   As a direct and proximate result of these intentional and outrageous acts, Plaintiffs have suffered and continue to suffer anxiety, emotional distress, depression, sleeplessness, headaches, inability to concentrate and other manifestations of extreme distress, as will be proven at trial.

## SEVENTH CAUSE OF ACTION

### Violation of 42 U.S.C. § 1983, *et seq.*

(Against All Defendants)

87.   All allegations and assertions stated above are incorporated herein as though fully set forth.

88.   Defendants, including but not limited to AHCCCS and its agents, created a system by which the good name of a citizen can be destroyed with no procedure to either prevent that damage or correct it.

89.   The policy and custom of AHCCCS, DES and Mercy Care is one that requires and condones the investigation of any alleged elder abuse.

90.   That policy and custom, however, does not provide for any restrictive or even instructive guidelines as to dissemination of that information or, upon information and belief, require that any dissemination be prohibited until the investigation is complete.



91.     This policy and lack of oversight created a situation where, as here, a vindictive or threatened employee could and did use the established policies of the governmental agencies to wreak havoc on an innocent individual for personal and malicious ends, all under the guise of the government's ordinary interests.

92.     Specifically, by instigating a spurious investigation targeting Alinka, and then prematurely publishing the unsupported allegations to third parties, including the City of Dundee, Means and Dirienzi acted to prevent Alinka from revealing the malfeasance that is inherent in the systems at DES and Mercy Care, and particularly the problems with Defendants' own job performance.

93.     The system put in place for investigation permitted disclosure, but could not have permitted defamatory, unsupported statements to be disclosed about an individual without providing any recourse to such victim to clear her good name.

94.     Defendants did not provide Alinka with any notice that the unfounded allegations would be published to a foreign government in connection with legal proceedings.

95.     Defendants' custom and practice is to provide truthful information to third parties, but there is no similar custom and practice providing for even notification to the accused or any procedure to correct erroneous information prior to or after wrongful disclosure .

96.     This lack of any procedure for notification or exoneration acts to deprive innocent citizens of their due process rights, as well as their property, privacy and liberty interests.

97.     In this case, DES did not have a right to disclose personal information regarding Alinka, much less false information, and fail to provide any process by which to prevent or rectify such disclosure.  Alinka never had a procedural safeguard to establish her innocence before such information was disclosed.

98.      In failing to provide any notice or recourse prior to publication,



SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028

1  Defendants, *inter alia,* violated of Alinka's rights of privacy, due process and
2  liberty.

3      99.    As a direct and proximate result of these wrongful disclosures, Alinka
4  has been harmed in ability to communicate, visit or be involved with her dying
5  mother, to her great emotional distress and mental anguish, in addition to out of
6  pocket expenses in an amount to be proven at trial, but not less than the
7  jurisdictional minimums of this Court.

8      100.   Additionally, she and John Sullivan have suffered significant damage
9  to their marital relationship, and lost the love, affection and assistance to their
10  household that they have valued.

**EIGHTH CAUSE OF ACTION**
**Respondeat Superior.**
**(Against Mercy Care, Aetna and DES and Health and Human Services)**

14      101.   All allegations and assertions stated above are incorporated herein as
15  though fully set forth.

16      102.   Heather Means was, upon information and belief and at all times
17  relevant, an employee of Mercy Care, and through Mercy Care, a health plan
18  supervised and/or administered by Aetna.

19      103.   Mercy Care and/or Aetna employed Means to oversee qualifying
20  individuals' medical care and well-being.

21      104.   As a part of that employment, Means was to investigate any
22  wrongdoing and take appropriate action within the course of her employment.

23      105.   Means' superiors hired her to perform these oversight duties.

24      106.   Means acted to prevent problems within the systems designed by her
25  employers from being brought to light. She acted with reckless disregard of the
26  truth of the serious and defamatory allegations she asserted against Alinka. She
27  exceeded any honest discharge of her employment duties, but her supervisors
28  either condoned these actions or turned a blind eye to them as they furthered the

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



illicit interests of Mercy Care and/or Aetna.

107.   Because of this complicity conduct, Mercy Care and/or Aetna will be vicariously liable for her tortious acts.

108.   Cesare Dirienzi was, upon information and belief and at all times relevant, an employee of DES, and through this department, an employee of the United States of America, Department of Health and Human Services ("HHS").

109.   DES and HHS employed Dirienzi to investigate potential wrongdoing as reported by Means and others.

110.   As a part of that employment, Dirienzi was to investigate any wrongdoing and take appropriate action within the course of his employment.

111.   Dirienzi' s superiors hired him to perform these duties.

112.   Dirienzi, upon information and belief, acted in concert with Means to prevent problems within the systems designed by his and Means' employers from being brought to light.  He acted with reckless disregard of the truth of the serious and defamatory allegations she asserted against Alinka.  He exceeded any honest discharge of his employment duties, but his supervisors either condoned these actions or turned a blind eye to them as they furthered the illicit interests of DES and/or HSS.

113.   Therefore, DES and HSS will be vicariously liable for his tortious acts.

114.   As a direct and proximate result of the failure to properly oversee these employees and/or correct the problems and bring these public matters to light, Alinka and John Sullivan have been damaged emotionally, financially, suffered a loss of consortium and other damages to be proven at trial.

115.   Alinka has also been damaged as described above in the Seventh Cause of Action because the Supervising Entities failed to provide any adequate process to ensure that their employees did not maliciously manipulate their job duties to injure, suppress and defame an innocent citizen.

116.   Further, upon information and belief the Supervising Entities failed



SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028

1   to train in the importance of ensuring that any allegations published were correct,

2   or to provide adequate process for wrongfully accused individuals such as Alinka

3   to clear her good name.

4                                    PRAYER

5       1.  For judgment against Defendants and each of them for monetary

6   damages sufficient to compensate Plaintiffs for, *inter alia,* out-of-pocket costs,

7   emotional distress, loss of reputation and loss of consortium in an amount to be

8   proven at trial but not less than the jurisdictional minimums of this Court;

9       2.     For punitive damages sufficient to prevent future conduct and to

10  punish Defendants for their malicious acts;

11      3.     For an order of attorney's costs and fees;

12      4.     For such further and other legal and equitable relief as this Court may

13  find just and proper.

14  Dated: November 25, 2015                  SCHLESINGER CONRAD LAW FIRM

15

16                              By _____
                                    Kira A. Schlesinger
17                                  Attorneys for Plaintiffs
                                    Alinka and John Sullivan
18

19

20

21

22

23

24

25

26

27

28



**CERTIFICATE OF SERVICE**

STATE OF _____, COUNTY OF _____

I am employed in the County of Maricopa, State of Arizona. I am over the age of 18 and not a party to the within action. My business address is 3936 E. Desert Cove Avenue, Phoenix, Arizona 85028.

I served the foregoing document described as

_____

on all interested parties on the attached service list as notated and follows :

A PDF copy of the foregoing was ☐ E-filed ☐ Mailed ☐ Faxed ☐ Hand Delivered ☐ E-Mailed ☒ Mailed via Overnight Mail to the following on November 3, 2014:

Clerk of the Court


A true and correct copy of the foregoing was ☐ Mailed ☐ Faxed ☐ Hand Delivered ☒ E-Mailed ☐ Mailed via Overnight Mail to the following on November 3, 2014:

*Counsel for* _____


By /s/ <u>Kira A. Schlesinger</u>


Executed on November 3, 2014 at Phoenix, Arizona.

[X] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[ ] (Federal) I declare that I am a member of the bar of this Court at whose direction the service was made.

By  /s/ <u>Kira A. Schlesinger</u>
Kira A. Schlesinger



SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



Process Servers

MICHAEL K. JEANES, CLERK
BY                              DEP
K. Marquez
K. MARQUEZ, FILED

15 DEC -3 PM 11:18

## SUPERIOR COURT OF ARIZONA - MARICOPA COUNTY

ALINKA and JOHN SULLIVAN
Plaintiff,

vs.                                                    **Case No.: CV2015-053870**

UNITED STATES OF AMERICA, HEALTH & HUMAN SERVICES, ET AL          **PROOF OF SERVICE**
Defendant,

The undersigned is over the age of 18 years and not a party to the action. The undersigned is qualified and appointed under ARCP §4 (d) & §4(e) to serve legal process within the State of Arizona.

**SERVED** On **12/1/2015** at **6:37 PM**, the undersigned served copies of:
**SUMMONS, COMPLAINT and CERTIFICATE OF COMPULSORY ARBITRATION, FIRST AMENDED COMPLAINT**

Upon: **HEATHER MEANS**
At: **8401 E LEWIS AVENUE, SCOTTSDALE, AZ 85257**

In the following manner:

**PERSONAL SERVICE ON AN INDIVIDUAL** per ARCP Rule 4.1(d)
Description:
Gender: **Female**   Race/Skin: **White**        Age: **35+-**   Weight: **135+-**   Height: **5'3"**   Hair: **Black**   Glasses:**No**
Other:

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing information contained in the Proof of Service is true and correct. [ARCP Rule 80(i)]

SIGNED, _____
**JEFFERSON BUSHMAN,**

Date: **12/2/15**

Job Number: **5079**        Private Process Server ID # **8526**,
Maricopa County

*ASAP SERVE, LLC, 1837 S. MESA DR., #C102, MESA, AZ 85210*



Process Servers

MICHAEL K. JEANES, CLERK
BY _____ DEP.

K. Marquez

K. MARQUEZ, FILED

15 DEC -3 PM 1: 12

## SUPERIOR COURT OF ARIZONA - MARICOPA COUNTY

ALINKA and JOHN SULLIVAN
Plaintiff,

vs.                                                    Case No.: CV2015-053870

UNITED STATES OF AMERICA, HEALTH & HUMAN SERVICES, ET AL          **PROOF OF SERVICE**
Defendant,

The undersigned is over the age of 18 years and not a party to the action. The undersigned is qualified and appointed under ARCP §4 (d) & §4(e) to serve legal process within the State of Arizona.

SERVED On 12/2/2015 at 11:47 AM, the undersigned served copies of:
**SUMMONS, COMPLAINT and CERTIFICATE OF COMPULSORY ARBITRATION, FIRST AMENDED COMPLAINT**

Upon: **DEPARTMENT OF ECONOMIC SECURITY**
At: **1789 W. JEFFERSON, 3RD FLOOR, PHOENIX, AZ 85007**

      In the following manner:

**CORPORATE, BUSINESS OR GOVERNMENT SERVICE** by leaving a copy of the legal process with:
**KATHY GREENE** Title):**CHIEF PRIV. OFFICER**, a person authorized by appointment or by law to accept service and informing that person of the contents thereof.

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing information contained in the Proof of Service is true and correct. [ARCP Rule 80(i)]

SIGNED, _____

                                John Osborn,

                                Date: 12/3/15

Job Number: 5080          Private Process Server ID # 8024 ,
                                         Maricopa County

*ASAP SERVE, LLC, 1837 S. MESA DR., #C102, MESA, AZ 85210*



Process Servers

MICHAEL K. JEANES; CLERK
BY _____ DEP.
K. MARQUEZ, FILED
**15 DEC -3  PM 1: 13**

## SUPERIOR COURT OF ARIZONA - MARICOPA COUNTY

ALINKA and JOHN SULLIVAN
Plaintiff,

vs.                                                        Case No.: CV2015-053870

UNITED STATES OF AMERICA, HEALTH & HUMAN SERVICES, ET AL          **PROOF OF SERVICE**
Defendant,

The undersigned is over the age of 18 years and not a party to the action. The undersigned is qualified and appointed under ARCP §4
(d) & §4(e) to serve legal process within the State of Arizona.

**SERVED On** 12/2/2015 at **12:24 PM**, the undersigned served copies of:
**SUMMONS, COMPLAINT and CERTIFICATE OF COMPULSORY ARBITRATION, FIRST AMENDED COMPLAINT**

**Upon: SOUTHWEST CATHOLIC HEALTH NETWORK CORP**
**At: 3800 N CENTRAL AVE, STE 460, PHOENIX, AZ 85012**

        In the following manner:

**CORPORATE, BUSINESS OR GOVERNMENT SERVICE** by leaving a copy of the legal process with:
SCOTT WHALEY Title):SOP COORDINATOR, a person authorized by appointment or by law to accept service and informing
that person of the contents thereof.

**I declare under penalty of perjury under the laws of the State of Arizona that the foregoing information contained in the Proof
of Service is true and correct. [ARCP Rule 80(i)]**

SIGNED, _____
                John Osborn,
                                    Date: 12/3/15
        Job Number:  5078          Private Process Server ID # 8024 ,
                                            Maricopa County

*ASAP SERVE, LLC, 1837 S. MESA DR., #C102, MESA, AZ 85210*



**Process Servers**

MICHAEL K. JEANES, CLERK
BY _____ DEP
K. MARQUEZ, FILED

15 DEC -3 PM 11: 13

## SUPERIOR COURT OF ARIZONA - MARICOPA COUNTY

ALINKA and JOHN SULLIVAN
Plaintiff,

vs.                                                                 Case No.: CV2015-053870

UNITED STATES OF AMERICA, HEALTH & HUMAN SERVICES, ET AL          **PROOF OF SERVICE**
Defendant,

The undersigned is over the age of 18 years and not a party to the action. The undersigned is qualified and appointed under ARCP §4 (d) & §4(e) to serve legal process within the State of Arizona.

**SERVED On** 12/2/2015 at 12:24 PM, the undersigned served copies of:
**SUMMONS, COMPLAINT and CERTIFICATE OF COMPULSORY ARBITRATION, FIRST AMENDED COMPLAINT**

**Upon:  AETNA MEDICAID MEDICAL ADMINISTRATORS, LLC, C/O CT CORPORATION**
**At: 3800 N CENTRAL AVE, STE 460, PHOENIX, AZ 85012**

In the following manner:

**CORPORATE, BUSINESS OR GOVERNMENT SERVICE** by leaving a copy of the legal process with:
**SCOTT WHALEY** Title):**SOP COORDINATOR**, a person authorized by appointment or by law to accept service and informing that person of the contents thereof.

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing information contained in the Proof of Service is true and correct. [ARCP Rule 80(i)]

SIGNED, _____
John Osborn,
Date: 12/3/15

**Job Number:  5082**          Private Process Server ID # 8024 ,
                                        Maricopa County

*ASAP Serve, LLC, 1837 S. MESA DR., #C102, MESA, AZ 85210*

| Office Distribution | SUPERIOR COURT OF ARIZONA<br>MARICOPA COUNTY | **FILED**<br>12/09/2015<br>by Superior Court Admin<br>on behalf of Clerk of the<br>Superior Court |
|---|---|---|

12/05/2015

COURT ADMINISTRATION

Ct. Admin
Deputy

**Case Number:** CV2015-053870

**Alinka Sullivan**

**V.**

**United States Of America Department Of Health & Human Services**

The Judge assigned to this action is the Honorable Aimee Anderson

### NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 08/31/2015 is subject to dismissal pursuant to Rule 4 (i), Arizona Rules of Civil Procedure. The deadline for completing service is 12/29/2015. If no judge has extended time for completing service and no defendants have been served by this date, this case will be dismissed.



Process Servers

MICHAEL K. JEANES, CLERK
BY  F. ALONSO,   DEP

FILED

15 DEC 21  PM 2: 15

## SUPERIOR COURT OF ARIZONA - MARICOPA COUNTY

ALINKA and JOHN SULLIVAN
Plaintiff,

vs.                                                  Case No.: CV2015-053870

UNITED STATES OF AMERICA, HEALTH & HUMAN SERVICES. ET AL          **PROOF OF SERVICE**
Defendant,

The undersigned is over the age of 18 years and not a party to the action. The undersigned is qualified and appointed under ARCP §4 (d) & §4(e) to serve legal process within the State of Arizona.

**SERVED** On 12/17/2015 at 10:34 PM, the undersigned served copies of:
**SUMMONS, COMPLAINT and CERTIFICATE OF COMPULSORY ARBITRATION, FIRST AMENDED COMPLAINT**

Upon: **CESARE DIRIENZI**
At: **2108 S. RURAL ROAD, #17, TEMPE, AZ 85282**

     **In the following manner:**

**PERSONAL SERVICE ON AN INDIVIDUAL** per ARCP Rule 4.1(d)
**Description:**
Gender: **Male**    Race/Skin: **White**    Age: **40+-**    Weight: **175+-**    Height: **5'7"+-**    Hair: **Brown**    Glasses: **Yes**
    Other:

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing information contained in the Proof of Service is true and correct. [ARCP Rule 80(i)]

SIGNED,
A.J. WOLF,

Date: 12/18/15

Job Number:  5241    Private Process Server ID # 7382 ,
                MARICOPA County

*ASAP SERVE, LLC, 1837 S. MESA DR., #C102, MESA, AZ 85210*



**Process Servers**

MICHAEL K. JEANES, CLERK
BY _____ DEP
*B. Phillips*

B. PHILLIPS FILED

15 DEC 23  PM 12: 28

## SUPERIOR COURT OF ARIZONA - MARICOPA COUNTY

ALINKA and JOHN SULLIVAN
Plaintiff,

vs.                                                           Case No.: CV2015-053870

UNITED STATES OF AMERICA, HEALTH & HUMAN SERVICES, ET AL          **PROOF OF SERVICE**
Defendant,

The undersigned is over the age of 18 years and not a party to the action. The undersigned is qualified and appointed under ARCP §4 (d) & §4(e) to serve legal process within the State of Arizona.

**SERVED** On 12/17/2015 at 10:34 PM, the undersigned served copies of:
**SUMMONS, COMPLAINT and CERTIFICATE OF COMPULSORY ARBITRATION, FIRST AMENDED COMPLAINT**

Upon: **JANE DOE DIRIENZI**
At: **2108 S. RURAL ROAD, #17, TEMPE, AZ 85282**

In the following manner:

**SUBSTITUTE SERVICE ON AN INDIVIDUAL Per ARCP 4.1(d)**, by leaving a copy at the dwelling house or usual place of abode with the following person of suitable age and discretion then residing therein or by delivering a copy of the legal process to an agent authorized by appointment or by law to receive service of process:
**CESARE DIRIENZI** as **CO-OCCUPANT**

Description:
Gender: **Male**    Race/Skin: **White**    Age: **40+-**    Weight: **175+-**    Height: **5'7"+-**    Hair: **Brown**    Glasses: **Yes**
         Other:

*I declare under penalty of perjury under the laws of the State of Arizona that the foregoing information contained in the Proof of Service is true and correct. |ARCP Rule 80(i)|*

SIGNED, _____
A.J. WOLF

Date: **12/22/15**

Job Number:  **5241**         Private Process Server ID # 7382 ,
                                    MARICOPA County

*ASAP SERVE, LLC, 1837 S. MESA DR., #C102, MESA, AZ 85210*