Kira A. Schlesinger, Esq. (SB CA: 205357; AZ: 023450)
**SCHLESINGER CONRAD LAW FIRM**
3936 E. Desert Cove Avenue, 1st Fl.
Phoenix, Arizona 85027
Tel: 602-812-3661
Fax: 480-522-3674
E-Mail: docket@schlesingerconrad.com

*Attorney for Plaintiff Alinka and John Sullivan*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alinka and John Sullivan,<br><br>        Plaintiffs,<br><br>v.<br><br>Heather and John Doe Means, a married couple; Southwest Catholic Health Network Corporation, an Arizona non-profit corporation, dba Mercy Care Plan/Mercy Care Advantage, a business entity of unknown form; Cesare and Jane Doe Dirienzi, a married couple; Department of Economic Security, a governmental agency; Aetna Medicaid Medical Administrators, LLC, an Arizona limited liability company; Does 1-100, inclusive; Black Partnerships, 1-10,, inclusive; White Corporations, 1-50, inclusive,<br><br>        Defendants. | CASE NO.:   2:15-cv-02638-PHX-SPL<br><br>PLAINTIFF ALINKA AND JOHN SULLIVAN'S OPPOSITOIN TO STATE DEFENDANT AND DIRIENZI'S MOTION TO DISMISS SECOND AMENDED COMPLAINT[1]<br><br>**Oral Argument Requested** |

        Plaintiffs Alinka and John Sullivan Oppose Defendants Cesare and Jane Doe Dirienzi and the Department of Economic Security's Motion to Dismiss Plaintiff's Second Amended Complaint.

# I.    INTRODUCTION.

        Defendants have it wrong.  The investigation led to the wrongful publication, and it was specious and harassing; the wrongful publication of defamatory statements brought Alinka further into disrepute, resulting in her deprivation of the right to familial

---

[1] The Superior Court First Amended Complaint made no substantive changes. "Southwest Catholic Health Network Corporation" dba Mercy Care, would not accept service on behalf of "Mercy Care."

**SCHLESINGER CONRAD LAW FIRM**
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



relations, freedom of association and speech, due process, and additional injuries.

Defendants assert that they "met and conferred" before filing the instant motion to dismiss. The alleged "Certification of Good Faith" (Dkt. 29-1) filed with the motion to dismiss asserts they "met and conferred" on January 15, 2016, at least two weeks before the instant complaint was filed. During that single meet and confer, the parties stipulated to Plaintiff's filing an amended complaint. Now, with no further discussion, Defendants would like to see this complaint dismissed with prejudice, and have their attorney's fees paid. Such a request is without merit where Defendants did not engage in a meet and confer as mandated by this Court (Dkt 14 (1:19-26)) before filing the instant motion. Further, Defendants badly misrepresent the facts alleged in the complaint.

Besides misstating the facts and filling a specious declaration of conferral, Defendants seek to introduce "evidence" that is highly contested. First, the Declarations relating to the Notice of Claim are not appropriate for a motion to dismiss, and as will be demonstrated, they are meaningless. They reflect no adjudicative fact, and solely posit issues of fact that are not relevant to the Notice of Claim statute they purport to address.

Second, the *fact* of the petition filed in the City of Dundee is not disputed. However, the assertions therein are highly disputed. Including the Petition in its entirety is extremely prejudicial as the veracity of the statements have not been subject to any discovery or authentication. Its inclusion violates Federal Rule of Civil Procedure 5.2, and Rules of Evidence 201 and 408. It is not an adjudicative fact. The hearsay statements cannot be relied upon for the truth of the matters asserted.

To make matters worse, the form Notice of Claim was not redacted and contains Alinka Sullivan's date of birth and social security number, in violation of FRCP 5.2, and the ECF filing requirement to redact. The attachments should be stricken by this Court, and not considered. To the degree the Court opts to consider the motion as one for summary judgment, Plaintiff seeks leave under Rule 56(d) for time to conduct discovery, and request that the exhibits be sealed.

The Complaint (Dkt. 24) states a factual basis that Defendant Cesare Dirienzi was

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



not authorized to make the publication to the City of Dundee, and he did so with malice. Dkt. 24, 13:13-18 (¶¶ 74-75).

While the State argues that DES is a non-jural entity, there are numerous cases in which the governmental entity was sued, and no case cited by the State supports a contrary contention. DES, can initiate investigations leading to criminal charges and registration as an abuser. It must have accountability. No immunity bars this suit.

## II.   STATEMENT OF FACTS AS ALLEGED IN THE COMPLAINT.

The State erroneously asserts that Alinka Sullivan "fled" the country while the investigation was still active. In reality, the Complaint states that "on June 25, 2013, Ian Brown of DES visited Ms. Pawlowski and determined that there was no basis for any allegation of abuse. He stated to Alinka Sullivan that they were closing their file 'tomorrow.'" Dkt. 24 (6:13-15 (¶ 31)). Plaintiff traveled with her mother to Scotland, "her mother's birthplace" on August 22, 2013. *Id.* at 16:17 (¶ 32). Plaintiff believed the complaint was closed prior to travel to Scotland. She did not "flee" the country.

The Notice of Claim was provided to all defendants on March 16, 2015. Dkt 24 (12:16-17) ¶ 67. Dirienzi was acting outside the scope of his employment in publishing defamatory statements to third parties unrelated to any ongoing Arizona investigation. Dkt. 24, 3:21-24 (¶ 13); 7:5-25 (¶¶ 37-40). Plaintiff did not learn of the disclosure until "on or after September 24, 2014". *Id.* 8:8-11 (¶ 42).

## III.   ARGUMENT.

### A.   Standard of Motion to Dismiss Mandates that the Motion be Denied.

The Complaint states sufficient facts to take the case beyond speculation and entitle Plaintiff to discovery. It is well-established that claims, other than fraud, require nothing more than notice pleading with plausible support. This includes claims for violations of 42 U.S.C. § 1983 and §1985.

> Rule 8(a)(2) states that a "pleading which sets forth a claim for relief ... shall contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The Supreme Court has stated that "the Rule mean[s] what it sa[ys]." *Leatherman v. Tarrant County*

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



PLAINTIFF'S OPPOSITION TO DEFENDANT STATE DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT

3

*Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168, (1993).

*Lee v. City of Los Angeles*, 250 F.3d 668, 679-80 (9th Cir. 2001)

This is true as to claims brought under Section 1983; no heightened pleading standard applies.  Where the improper motive is an element, the plaintiff need only state non-conclusory allegations of unlawful intent.  *See, e.g., Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002).

Here, Plaintiff has stated the wrongful investigation and publication were "in retaliation for Plaintiff's protests and to chill further protests".  Dkt. 24, 6:6-12; 13:1-15.  That is an unlawful intent sufficient to state a cause of action.  Any further inquiry into motive is a question for the jury.  *Lee, supra,* 681-82.  The motion should be denied.

**B.      The Complaint States Cognizable Claims Pursuant to Rule 8.**

1.  There is No "Public Function" in Publishing False Statements.

Defendant posits that "an alleged perpetrator" has no established federal constitutional right to have their status kept secret from other authorities.  That is incorrect, particularly as to foreign governments.  The statutes make it clear that neither DES nor Dirienzi could lawfully release information about anyone "other than a perpetrator against whom an allegation of abuse, neglect or exploitation has been substantiated."  A.R.S. § 41-1959.  The corollary is that where allegations of abuse have not been substantiated, no identifying information may be disclosed.   DES has previously taken the position that A.R.S. § 41-1959 mandates that identifying information, including names, are confidential.  *Phoenix Newspapers, Inc. v. Arizona Dept. of Econ. Sec.*, 186 Ariz. 446, 447 (App. 1996).  Where a governmental agency causes a foreseeable deprivation of liberty and association, liability attaches.

Here, however, they not only released Alinka Sullivan's name to Scotland  -- where the U.S. has no public interest and jurisdiction – they also attached documents to their Motion to Dismiss that included Alinka's birthdate and social security number.  That information is now on Pacer, making the Petition public, and also her private identifying information.  Despite attesting to redaction, Defendants again acted with reckless

**SCHLESINGER CONRAD LAW FIRM**
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



indifference to foreseeable harm.  There is no public benefit in what Defendants have done to Alinka, and the statute makes that clear.

### 2.    Intentional Infliction of Emotional Distress is Properly Supported.

The elements of intentional infliction of emotional distress are well-established. "The three required elements are: first, the conduct by the defendant must be 'extreme' and 'outrageous'; second, the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct; and third, severe emotional distress must indeed occur as a result of defendant's conduct." *Ford v. Revlon, Inc.,* 153 Ariz. 38, 43 (1987).  Accusing someone of overdosing their own mother is "Outrageous!"  This is pleaded as malice.  Alinka was harassed by the investigation, deprived of aid with her sick mother, prevented from visiting her despite trips to Scotland, and not notified of her mother's death.  The elements are met.  It is for a jury to decide.

### 3.    Defendants Do Not Enjoy Immunity for Malicious Actions.

Defendants allege that they are immune under A.R.S. § 36-2918.01.  That statute states: "All contractors, subcontracted providers of care and noncontracting providers **shall notify the director or the director's designee** immediately in a written report of any cases of suspected fraud or abuse." *Id.* at (A) (emphasis added).  Immunity attaches for notifying the director. *Id.*  Defendants provide no support for having notified the director or the director's designee.  Thus, this section does not protect them.

Even if the evidence shows that such a notice was provided, if the facts confirm that the notice was done maliciously, no "good faith" would exist to trigger immunity. *See* § B.  No blanket immunity can be inferred at this stage.  The Motion should be denied.

### C.    DES is Not Immune from Suit as a "Non-Jural" Entity or Otherwise.
#### 1.    DES has Sued and Been Sued in its Own Name.

Defendants err in positing that DES is not a proper defendant "because for purposes of civil suits for damages, it does not exist." Dkt. 29, 5:25.  Plaintiffs assert that a "non-jural entity" cannot sue or be sued.  Various cases consider suits against DES, and fail to dismiss based upon

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



the argument that Defendants make here, *i.e.,* that DES is a "non-jural entity" incapable of being sued. *See, e.g., Lewis v. Arizona Dept. of Econ. Sec.*, 186 Ariz. 610, 612 (App. 1996) (dismissing on grounds that DES was not required to provide special services for the blind); *Slonim v. Arizona Dept. of Econ. Sec.*, 126 Ariz. 201 (App. 1980); *Kane v. Arizona Dept. of Econ. Sec.*, 127 Ariz. 143 (App. 1980); *Thomas v. Bergland*, 581 F.2d 749 (9th Cir. 1978) (including DES as defendant in suit to find student loan did not contribute to household income); *James H. v. Arizona Dept. of Econ. Sec.*, 210 Ariz. 1 (App. 2005), as amended (Mar. 11, 2005) (DES had no duty to provide father reunification services).  DES cannot have the power to sue[2] and not the risk of being sued.

None of the cases cited by Defendants mandate dismissal.  *Yamamoto v. Santa Cruz County Board of Supervisors,* 124 Ariz. 538 (App. 1979) stands for the limited proposition that a court cannot be sued, and that the clerk of the court, whose duties are ministerial, likewise cannot be sued.[3]  *Yamamoto* does not address DES; it states only that "a **court** is Sui juris and therefore not a proper party defendant."  *Id*. at 539 (emphasis added).

Similarly, *Schwartz v. Superior Court In & For County of Maricopa,* 186 Ariz. 617, 619 (App. 1996) is primarily a discovery case.  The Department of Revenue issued a subpoena *duces tecum* seeking records related to vendors.  Rather than provide the records, the promotor destroyed them.  In that context, the court, citing A.R.S. § 42-106, stated that "[b]y statute, DOR has the power to require information from taxpayers."  *Id.* at 619.  That unremarkable statement does not support Defendants' contention here that DES cannot be sued.

*Kimball v. Shofstall*, 17 Ariz. App. 11, 13 (1972) is equally unavailing.  There, the State Board of Education revoked plaintiff Kimball's teaching credential.  He sued in the superior court for review of the revocation.  In that context, "[i]t was urged in the trial court …that the State Board was a necessary party in the Superior Court and that the failure to join the State Board was a fatal defect." *Id.*  The court rejected that argument, and found that the State Board of Education was not a necessary party.  *Id.*  The Court noted that "[t]here are governmental administrative

---

[2] *See, e.g., State ex rel. Dept. of Econ. Sec. v. McEvoy,* 191 Ariz. 350 (App. 1998).

[3] It is noteworthy that Yamamoto also makes the point that "no such [notice] of claim need be presented, however, for . . . the tort theories." *Id*. at 540.

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028

agencies which can sue and be sued" but only the members of the board were necessary parties. *Id.* at 13.  Again, this says nothing about the status of DES.

Finally, *Braillard v. Maricopa County,* 224 Ariz. 481 (App. 2010) is a case against Sheriff Arpaio and the Maricopa County Sheriff's Office, and the county and individual employees. Procedurally, *Braillard* is also quite different.  That case arose on appeal from summary judgment.  In a counter appeal, the defendants argued "the court erred in denying their motion to dismiss MCSO as a non-jural entity."  *Id.* at 485.  The sheriff's office is not the same as DES.

As stated in *Kimball,* the provisions permitting suit "vary from agency to agency." *Kimball, supra*, 17 Ariz. App. at 13.  Any discussion regarding other agencies cannot support Defendants' argument.  Section 12-820 specifically defines the "state" as including departments. DES can be sued as a department in its own name.  At least one court decision specifically cited A.R.S. § 41-1952, and yet considered the plaintiff's allegations on the merits. *See, e.g., Lewis*, *supra*, at 612. DES was not dismissed as a non-jural entity.  DES is not above the law.

### 2.  Defendants' Argument is Foreclosed by the Arizona Constitution.

A finding that DES is immune from suit based on a finding it is a "non-jural entity" would contravene the anti-abrogation provisions of the Arizona Constitution.  The Arizona Supreme Court has found that the Constitution protects tort claims recognized at common law. *Samaritan Health Sys. v. Superior Court of State of Ariz*., 194 Ariz. 284, 294 (App. 1998)**.**  As stated in *Boswell v. Phoenix Newspapers, Inc.,*

> **Defendants argue that even if art. 18, § 6 protects a plaintiff's right to sue for damage to reputation, the provision does not protect recovery for emotional distress because that type of damage was not recognized in a defamation** action until 1922. (citations) . . . **We reject this argument.**

*Boswell v. Phoenix Newspapers, Inc*., 152 Ariz. 9, 17 (1986) (emphasis added).

Here, Defendants argue that Plaintiff is proscribed from seeking redress for the blatant defamation by Defendants due to the unsubstantiated claim that DES is a "non-jural entity" and that the State cannot be sued.  Such an argument violates the Arizona Constitution.  Damages, including damages for emotional injuries arising out of defamation, are protected by Article 18, section 6 of that Constitution. *Id.* at 18.  As the Arizona Supreme Court, sitting *en banc,* emphasized, "governmental liability is the rule in



Arizona and immunity is the exception." *Doe ex rel. Doe v. State*, 200 Ariz. 174, 176, ¶ 4 (2001).  Immunity applies only "the exercise of judicial and legislative functions" or "administrative functions that involve the determination of fundamental governmental policy". *Id.*   Unless wrongful investigation and publication of false allegations is a "fundamental governmental policy", immunity does not apply. Rather, the legislature's mandate that state entities answer for day-to-day operational decisions applies.

### 3.   The State Waived Any Claim to Sovereign Immunity by Removal.

Defendants also err when they assert that the state cannot be sued due to "sovereign immunity from direct suit under [federal] statutes *which it has not waived.*" Dkt. 29, 7:3-5 (emphasis added). To the degree the State asserts Eleventh Amendment immunity, the assertion fails because "removing the case from state to federal court was affirmative litigation conduct by which the state waived its Eleventh Amendment immunity." *Embury v. King*, 361 F.3d 562, 564 (9th Cir. 2004), as amended (May 17, 2004), amended, 02-15030, 2004 WL 1088297 (9th Cir. May 17, 2004).  This is true even where the state is not initially named, and it is true on both state and federal claims.  *Id*. at 565 (citing *Estes v. Wyoming Dept. of Transp*., 302 F.3d 1200, 1204 (10th Cir. 2002) (finding waiver extended to claims brought under 42 U.S.C. § 1983 and state law claims).

The State has not been individually named at this point, but it could be.  Dirienzi and DES are named.  *Embury* demonstrates that suit against either is permitted in light of the voluntary waiver of immunity through removal.  *Id.; see also Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66 (1989) ("The Eleventh Amendment bars [§ 1983] suits **unless** the State has waived its immunity" (emphasis added)); *Welch v. Texas Dept. of Highways & Pub. Transp*., 483 U.S. 468, 471 (1987) (clear statutory language abrogates state immunity; *cf* Article 18, section 6 of State Constitution); *Monell v. Dep't of Soc. Services of City of New York,* 436 U.S. 658, 694 (1978) (§ 1983 suit permitted against governmental entity).

Dirienzi has not been sued in his official capacity, though he or his superior could be should facts in discovery demonstrate that, contrary to Plaintiff's current

**SCHLESINGER CONRAD LAW FIRM**
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



understanding, this defamatory publication was made in accordance with an official policy contrary to the statutes cited in the Complaint.[4]  7:26-9:18 (¶¶ 41-44); *Cf.* Dkt. 24, 13:13-24 (¶§ 74 -76).

No immunity or even qualified immunity applies, even had Defendants not removed the action, because the Complaint properly asserts and substantiates that Dirienzi acted with malice toward Plaintiff.  Dkt. 24, 13:16-18 (¶ 75).  The laws addressing disclosure of information regarding individuals were clearly established at the time. A.R.S. § 41-1959; A.A. C. R6-8-210 (effective August 21, 1996).  Under the A.R.S. § 41-1959(E), Dirienzi's conduct in disclosing information concerning any person "other than a perpetrator against whom an allegation of abuse has been substantiated" is a class 2 misdemeanor.  It cannot be said that DES and/or Dirienzi acted in furtherance of employment or in a manner expected by the State under these circumstances.  Nor was publication to a foreign agency furthering any investigation of Plaintiff, as Ian Brown had already said the case was to be closed on June 26, 2013. Dkt. 24, 6:13-15 (¶ 31).

### D.    Dirienzi is Not Immunized from Liability.
#### 1.    Dirienzi Was Not Acting in Furtherance of Any Government Interest.

There can be no support for Defendants' assertion that Dirienzi was acting in furtherance of his employment at the time of the publication.  He violated statutory law by publishing false information, and did so with a reckless disregard for the truth.  (Dkt. 24) 13:13-24 (¶§ 74 -76). The publication flows from the investigation.

Defendants take the relatively unusual step of arguing, contrary to the Complaint, that Dirienzi acted as an agent of the state when he violated state law and publicized personal information to third parties.  This oddity is akin to *Crum v. Superior Court In & For County of Maricopa,* 186 Ariz. 351, 353 (App. 1996).  In *Crum,* the Arizona Court of Appeal specifically found that whether a defendant was acting within the course and scope of his employment is one for the trier of fact.  *Id*.

---

[4] Should discovery reveal additional defendants are liable, Plaintiff reserves the right pursuant to Rule 15 to amend the Complaint to allege such liability.

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



Defendants argue unpersuasively that Dirienzi should have immunity under *Anderson v. Crighton,* 483 U.S. 637 (1987), which stated that immunity applies to "all but . . . those who knowingly violate the law." The argument fails because the Complaint – and common sense – clarifies that Dirienzi knew that he was not privileged to transmit unsubstantiated allegations to third parties. Dkt. 24, 19:24-27 (¶ 122) ("Defendants had clear warning that Plaintiffs had a right to privacy regarding their personal information, as well as information related to Plaintiffs' care of Ms. Pawlowski. Such rights were well established under A.R.S. § 41-1959, related regulations and the Privacy Act"); 13:19-28 (¶ 76) ("No reasonable person could have believed dissemination of false information about a non-client was lawful; the law against such dissemination as clearly established at the time of publication."); *see also* Dkt. 24, 4:13-15 (¶16).[5]

Second, the wrongful investigation is not the central issue as to Dirienzi; the publication gives rise to liability. Contrary to the State's assertion that there is no constitutional right stated, the Supreme Court has recognized that one aspect of the "liberty" protected by the Due Process Clause of the Fourteenth Amendment is "a right of personal privacy, or a guarantee of certain areas or zones of privacy. *Carey v. Population Services, Int'l*, 431 U.S. 678, 684 (1977). This right of includes the interest in independence in making certain kinds of important decisions such as the care of a family member. *Marsh v. County of San Diego*, 680 F.3d 1148, 1153 (9th Cir. 2012).

Here, the interference tainted Alinka's familial relationship such that she could not be involved with her mother's care, visit her mother or even attend her mother's funeral. She did not receive timely notice of her mother's death or medical condition, despite calls and trips to Scotland. She was prevented from visiting her mother because of the accusation she had tried to overdose her mother and various other outrageous allegations

---

[5] Should this Court find that Dirienzi was acting in his official, rather than individual, capacity, immunity would still not attach. Immunity is "entirely unavailable to him in an action against him in his official capacity." *Zeigler v. Kirschner*, 162 Ariz. 77, 82 (App. 1989) (citing *Kentucky dba Bureau of State Police v. Graham,* 473 U.S. 159, 166–67, 105 S.Ct. 3099, 3105–06, 87 L.Ed.2d 114, 122 (1985).

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



to a foreign agency. Dkt. 24, 10:21-26 (¶ 52). This was contrary to established law. The violation of Alinka's civil rights caused her to lose the care and affection of her mother.

Finally, Defendants argue there is no "clearly established right to be free of investigations of suspected abuse." Dkt. 29, 10:1-2, *et seq.* As Plaintiff has clearly stated, the investigation was for an improper purpose, as was the publication. The twist Defendants attempt to put on this is exacerbated by their citation to documents that are (a) unauthenticated hearsay asserted for the truth of the matter asserted.; (b) improperly attached to the Complaint; (c) prejudicial; and (d) in themselves defamatory since they are now on Pacer, complete with Alinka Sullivan's birthdate and social security number. This argument by Defendants should be ignored, and the documents stricken. *See also* Opposition to Motion to Dismiss filed by Mercy Care, which is incorporated herein by reference.

Plaintiff has asserted sufficient facts to raise more than a mere inference that Dirienzi was acting outside of his employment. "Whether an employee is acting within the scope of his employment is a question of fact." *Smith v. Am. Exp. Travel Related Services Co., Inc.,* 179 Ariz. 131, 136 (App. 1994). At this stage, that is all that is required. *Petty v. State of Arizona*, CV-15-01338-PHX-DLR, 2015 WL 8139807, at *2 (D. Ariz. Dec. 8, 2015); *Krueger By & Through Krueger v. Mammoth Mountain Ski Area, Inc.*, 873 F.2d 222, 224 (9th Cir. 1989) (citing Prosser).

2.   No Notice of Claim Was Required as to Dirienzi.

Although a Notice of Claim was properly filed, the Complaint properly posits theories that do not require any Notices of Claim: (a) Dirienzi's actions in publishing the false information to a foreign agency were outside of his employment duties and in furtherance of his desire to chill Plaintiff's complaints about the adult services system (*Crum, supra,* 186 Ariz. 351, 353); Complaint, 3:21-24 (¶ 13); and (b) Defendants' actions under color of law worked a violation of Plaintiff's constitutional rights, and claims for violations of 42 U.S.C. § 1983, *et seq.* require no notice of claim. State notice of claim statutes do not apply to actions under § 1983. *ABC Sand & Rock Co., Inc. v. Maricopa*



SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028

*County,* CV-13-00058-PHX-NVW, 2013 WL 1693690, at \*5 (D. Ariz. Apr. 18, 2013) (citing *Felder v. Casey*, 487 U.S. 131, 140–41 (1988), superseded by statute on other grounds, 42 U.S.C. § 1997(e)(a) (2011).

The requirement for any Notice of Claim is eviscerated where, as here, the defendant acted outside the scope of employment.  Similarly, no Notice of Claim is required for a 42 U.S.C. § 1985 or § 1983 action.  If Plaintiff prevails on either or both of these theories, the Notice of Claim issue is moot.  The Motion to Dismiss is not the time for factual inquiries.  The exhibits should be stricken as irrelevant and improperly filed.

    3.   Defendants Interfered with Plaintiff's Cognizable Civil Rights.

The actions by Defendants predictably caused the interference with, *inter alia,* the mother/daughter relationship. "The privacy and autonomy of familial relationships involved in a case like this are unarguably among the protectible interests which due process protects. We can conceive of no more important relationship, no more basic bond in American society, than the tie between parent and child." *Bohn v. Dakota County*, 772 F.2d 1433, 1435 (8th Cir. 1985).

A plaintiff establishes liability if she demonstrates an action taken with "deliberate indifference" was the "moving force" behind the foreseeable outcome. *Bd. of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (1997).  "When the government brings legal actions against individuals and seeks to deprive them of liberty interests, the constitutional concerns are at their zenith." *Brittain v. Hansen*, 451 F.3d 982, 989-90 (9th Cir. 2006) (abuse cases require heightened constitutional scrutiny because "government-initiated proceedings that threaten the individual with a significant deprivation of liberty or stigma") (citing *Santosky v. Kramer*, 455 U.S. 745, 756 (1982)). An investigation that leads to potential criminal conviction and registry as an abuser is "legal process" in violation of Plaintiff's constitutional rights. *See, e.g., White v. Lee*, 227 F.3d 1214, 1238 (9th Cir. 2000) (the breadth of investigation and the comments to third party during investigation bore no relation to the narrow purpose claimed by defendants.

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



Held: "The scope and manner of the investigation violated the plaintiffs' First Amendment rights."). Plaintiff has adequately pleaded her constitutional claims.

Defendants broadcast unsubstantiated and outrageous allegations to a foreign agency. The natural and foreseeable result of that was the impairment of the relationship between Alinka and her mother. Alinka was irreparably stigmatized as an abuser with no process to clear her name and restore her relationship. So thoroughly was she tainted by the publications that she was not even notified of her mother's death.

Defendants argue that the violated state laws do not provide the basis for a civil rights action. Defendants misapprehend the purpose of the state law citations. The state law cited by Plaintiff provides that disclosure of personal information is a criminal misdemeanor.[6] It demonstrates that the "right [to privacy] was clearly established" when Defendants interfered with Plaintiffs familial relationships. The statements by Dirienzi and DES were one cause-in-fact of the deprivation of familial rights to which Plaintiff was entitled.

Defendants cite to A.R.S. § 46-452 for the proposition that "a protective services worker "'shall' receive reports of abused or neglected vulnerable adults, make an evaluation, and 'file petitions as necessary for the appointment of a guardian.'" Dkt. 29, 11:15-16. The obvious flaw in Defendants' reasoning is that Plaintiff is not complaining about Dirienzi or DES "receiving" any information, and nothing in this statute imposes a duty (or provides a right) to disseminate such information to a foreign agency. He *could* have filed a petition, but never did because the allegations were unsubstantiated. Defendants' argument fails.

Next Defendants assert that § 46-454 creates an obligation to report "to a peace officer or protective services worker". Dkt. 29, 11:21-24. They then make the leap that

---

[6] A.R.S. § 46-454(E) states "Records disclosed pursuant to this subsection are confidential and may be used only in a judicial or administrative proceeding or investigation resulting from a report required or authorized under this section." A.R.S. § 46-454(K) states: "A person who violates <u>any provision</u> of this section is guilty of a class 1 misdemeanor." (emphasis added). Thus, failure to keep such records confidential is a misdemeanor.

<div style="margin-left:-5%">

**SCHLESINGER CONRAD LAW FIRM**
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028

</div>



this should be interpreted as reporting to any "officer" in the jurisdiction where the vulnerable adult resides. *Id.* at 25-27.  Not only do Defendants offer no support for this novel idea, it is contrary to the definition of a "protective services worker":

> 8. "Protective services worker" means a person who has been selected by and trained under the requirements prescribed **by the department** to provide protective services." A.R.S. § 46-451 (emphasis added).

Pauline Carena, solicitor for the City of Dundee, was not "trained under the requirements" prescribed by the Arizona social services "department to provide protective services."  Defendants' argument fails on that basis, and because Defendants did not have a "reasonable basis" as required by A.R.S. 46-454.  As stated in the Complaint the case was deemed closed before these publications appear to have been made.  Dkt. 24, 10:11-16 (¶ 50).

4.    The Complaint Adequately States Conduct by Dirienzi.

Defendants assert that Plaintiff has failed to state with specificity the statements made *by Dirienzi* to Dundee.  In Arizona, the substantive law is that a DOE complaint may be filed alleging libel to protect the statute of limitation and proceed to discovery. *Lim v. Superior Court In & For Pima County*, 126 Ariz. 481, 483 (App. 1980).

Here, Plaintiffs specified the defamatory statements.  Dkt. 24, 4:13-15 (¶16); 10:23-26 (¶ 52); 12:3-7 (¶63).  These allegations are comparable to a DOE complaint. Plaintiff should be permitted to engage in discovery to determine exactly who made which statements, and be given leave to amend.

**E.    Defendants Err in Arguing that Alleged Failure of the March 16, 2016 Notice of Claim Bars These Claims.**

1.    The Notice of Claim was Filed within 180 Days of the Discovery of the Claim.

The Complaint states that Plaintiff discovered the publication by Defendants on or after September 24, 2014.  Dkt. 24, 8:8-11 (¶ 42). The Notice of Claim was filed on March 16, 2015.  *Id.* at 12:15-17 (¶ 67).  That is 173 days, well within the 180-day time limit set by A.R.S. 12-821.01.

> Persons who have claims against a public entity, public school or a public employee shall file claims with the person or persons authorized to accept

<div style="margin-left:auto">

**SCHLESINGER CONRAD LAW FIRM**
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028

</div>



service for the public entity, public school or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues.  A.R.S. § 12-821.01(A).

The complaint was filed on August 31, 2015, (Dkt. 1-1, Page 8 of 45).  This was also well within the statute posited by A.R.S. § 12-821 ("All actions against any public entity or public employee shall be brought within one year after the cause of action accrues and not afterward.").  Any argument this action is time-barred fails on the facts properly alleged in the Complaint.

To avoid this simple truth, Defendants argue that the date of accrual was August 30, 2013, the date that DES formally closed the investigation.  The date upon which Defendants closed the investigation is irrelevant.  The damages do not flow from the fact of the investigation, and not from the closure of that investigation.  Rather, they flow from the publication of false and demonstrably unsubstantiated allegations "that Alinka had abused her mother, mishandled social security benefits and attempted to overdose here own mother." Dkt. 24, *inter alia,* 10:25-26 (¶ 52).  That was unknown to Plaintiff until on or after September 24, 2014, less than a year before the complaint was filed.  Dkt. 24, 7:5-6 (¶ 37).

It is beyond dispute the statute of limitation on a cause of action for defamation "accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." A.R.S. § 12-821.01(B).  As in *Dube v. Likins,* 216 Ariz. 406 (App. 2007), Plaintiff did not have "any reason to believe [Defendants] would have made . . . defamatory statements to third parties" until Alinka received a copy of the Dundee Petition.  *Id.* 416, ¶ 31.  Defendants make no argument that would support the contention that Alinka Sullivan should have known that Defendants would transmit unsubstantiated information to a foreign agency or when they did so.  The motion to dismiss should be denied on this ground.

<div style="writing-mode: vertical-rl">**SCHLESINGER CONRAD LAW FIRM**
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028</div>



2.    <u>The Supreme Court of Arizona has Held Service of Notice of Claim by Mail is Sufficient.</u>

The Notice of Claim was properly filed by mail, consistent with the holding of the Supreme Court of Arizona in *Lee v. State,* 218 Ariz. 235, 239, ¶ 19 (2008). *Lee* directly addresses what is "filing" a notice of claim. Lee submitted a "proof of service" signed under penalty of perjury, attesting notice been sent via United States mail. *Lee,* 218 Ariz. at 236. In holding that U.S. mail complied with the statute, *Lee* stated:

> [N]othing in the rules defines how filing must occur. ¶ The rules do not prohibit mail as a form of filing nor do they indicate that mailing, though probative, is inadmissible to prove filing. *Id.* at 238; *see also Pritchard v. State,* 163 Ariz. 427, 433 (1990) (notice of claim statute is not jurisdictional).

The Complaint alleges notices were provided on March 16, 2015. Dkt. 24, 12:16-17 (¶ 67). Dismissal is improper on a factual dispute raised by improper declarations.

Defendants cite to *Simon v. Maricopa Medical Center,* 225 Ariz. 55 (App. 2010) for the proposition that "Certified mail to a public employees' employer is not valid service, and strict compliance is required for service to satisfy the notice of claim statute—even if actual notice is received." Dkt. 29, 7:21-23. *Simon* asserts, without supporting case law, that Rule 4.1 governs service upon individuals. The wording of the statute says "filed . . . as set forth Arizona rules of civil procedure." A.R.S. 12-801.01(A). The statute does not refer to Rule 4. Nor does it refer to service of process of a summons, the clear scope of Rule 4. Rule 4.1(d) applies only to "Service of Summons Upon Individuals." It is not applicable to a Notice of Claim. *Lee, supra.*

The other cases cited by Defendants pre-date *Lee.* It can be presumed that the Supreme Court of Arizona cited to *Falcon ex rel. Sandoval v. Maricopa County,* 144 P.3d 1254, 1256 (2006)*,* in 2008 when it held that service by mail was sufficient. *Lee* also cited to *Deer Valley Unified Sch. Dist. No. 97 v. Houser,* 152 P.3d 490, 496 (2006) for the proposition that service by mail served the purpose of the notice of claim statute. *Lee, supra,* 218 Ariz. at 239, ¶ 18. The Supreme Court of Arizona was clear: "We hold that a filing under A.R.S. § 12–821.01(A) may be accomplished through the regular mail, and

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



PLAINTIFF'S OPPOSITION TO DEFENDANT STATE DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT

16

proof of mailing is evidence that the governmental entity actually received the notice." *Id.* at ¶ 19. The issue should be put to rest, and the motion to dismiss denied on this basis.[7]

### F. Plaintiff is Entitled to Punitive Damages.

Defendants argue that no punitive damages lie due to A.R.S. § 12-820.04. But this again relies on Defendants assertion that Dirienzi was within his employment when he wrongfully published false information. The State of Arizona had no interest in a citizen of Scotland residing in Scotland. Dkt. 24, 6:16-17 (¶ 32); *see also Id.* at 2:11-13 (¶ 5). The Complaint shows the act of publishing confidential information to Scotland was malicious. It was done, *inter alia,* to chill Alinka's complaints about the provision of benefits her mother was entitled to, but did not receive. Dkt. 24, 4:16-13-15 (¶ 16); 13:16-18 (¶ 75). Claims such as defamation *per se* provide for punitive damages. *See, e.g. Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.,* 472 U.S. 749, 761 (1985) (held: state interest adequately supports awards of presumed and punitive damages-even absent "actual malice"). The argument to strike punitive damages is, therefore, misplaced.

## IV. CONCLUSION.

For the reasons stated above, and those set forth in the Opposition to Defendants Mercy Care and Aetna, *et al.* (Dkt. 28), incorporated herein by reference, the motion to dismiss should be denied in its entirety.

Respectfully submitted,

Date: <u>March 18, 2016</u>                    SCHLESINGER CONRAD LAW FIRM


                                              By /s/ Kira A. Schlesinger
                                              Kira A. Schlesinger,
                                              Attorneys for Plaintiffs
                                              Alinka and John Sullivan

---

[7] The issue is also moot as to the federal claims. No notice of claim is required. *See, e.g., Felder v. Casey,* 487 U.S. 131, 138 (1988)*; Zeigler v. Kirschner,* 162 Ariz. 77, 83 (App. 1989).

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028

