Kira A. Schlesinger, Esq. (SB CA: 205357; AZ: 023450)
**SCHLESINGER CONRAD LAW FIRM**
3936 E. Desert Cove Avenue, 1ˢᵗ Fl.
Phoenix, Arizona 85027
Tel: 602-812-3661
Fax: 480-522-3674
E-Mail: docket@schlesingerconrad.com

*Attorney for Plaintiff Alinka and John Sullivan*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alinka and John Sullivan,<br><br>  Plaintiffs,<br><br>v.<br><br>Heather and John Doe Means, a married couple; Southwest Catholic Health Network Corporation, an Arizona non-profit corporation, dba Mercy Care Plan/Mercy Care Advantage, a business entity of unknown form; Cesare and Jane Doe Dirienzi, a married couple; Department of Economic Security, a governmental agency; Aetna Medicaid Medical Administrators, LLC, an Arizona limited liability company; Does 1-100, inclusive; Black Partnerships, 1-10,, inclusive; White Corporations, 1-50, inclusive,<br><br>  Defendants. | CASE NO.:  2:15-cv-02638-PHX-SPL<br><br>PLAINTIFF ALINKA AND JOHN SULLIVAN'S OPPOSITOIN TO DEFENDANTS SOUTHWEST CATHOLIC HEALTH NETWORK CORPORATION, AETNA MEDICAID ADMINISTRATORS LLC, AND HEATHER MEANS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT<br><br>**ORAL ARGUMENT REQUESTED.** |

## I.    INTRODUCTION.

As an initial matter, Defendants motion to dismiss is sanctionable because they improperly attach, rely upon and cite to a petition that is (a) unauthenticated; (b) contains assertions that highly disputed; (c) has never been subjected to discovery; (d) was not attached to the Complaint; and (e) is not an adjudicative fact or reasonably available; (f) the accuracy of which is not easily confirmed, and (g) contains hearsay.  It was attached and cited to the motion to dismiss for the truth of the matters asserted therein.  It should be disregarded, stricken, or at a minimum sealed.



The motion to dismiss draws erroneous conclusions regarding relevant dates based upon a skewed reading of the improperly attached and disputed petition. Because Defendants' motion is premised on this error, much of the argument is nonsensical.

Had Defendants engaged in an appropriate meet and confer prior to filing the instant motion to dismiss, Plaintiff could have informed them of the correct date that the complaint was filed, as well as the legal principal that the discovery doctrine applies to, *inter alia,* the accrual of a cause of action for defamation. Unfortunately, and contrary to the Order of this Court (Dkt. 14) ("a certificate of conferral must be attached to any motion to dismiss"), Defendants failed to place a single call or send so much as an e-mail to discuss their apparent confusion. The "certificate of conferral" filed with the current motion to dismiss makes it clear that no such conference occurred between the time Plaintiffs filed their Second Amended Complaint and the date upon which the Motion to Dismiss was filed. The motions[1] should be stricken consistent with this Court's prior order.

Defendants next assert that Plaintiffs have had "three opportunities to plead their claims". Dkt 28 (2:2-3). This is incorrect as the original amendment in superior court was only to correct the name of Southwest Catholic Health Network Corporation. It made no substantive changes. Although Defendants refer to the entity as "Mercy Care" throughout the motion, and hold themselves out as Mercy Care, the company would not accept the complaint under that name. That, and that alone, was the basis of the original amended complaint.

## II.    FACTUAL BACKGROUND.

Defendants' assertion that the relevant date is November 30, 2014 is flatly wrong. The defamatory publication was discovered on September 24, 2014. Dkt. 24, 7:5-6 (¶ 37); 8:8-11 (¶42). The Notice of Claim was sent on March 16, 2015. *Id.* 12:16-17 (¶ 67). The

---

[1] The State Defendants' Declaration by Diana Day asserting an appropriate meet and confer is invalid for exactly the same reasons. Defendants have, apparently, chosen to disregard the language of this court that "any motion to dismiss" should reflect an effort to resolve the issues informally before filing a motion.

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



Complaint was filed in the Superior Court of Arizona on August 31, 2015. (Dkt. 1-1, page 4). The case was removed on December 29, 2015. November 30, 2014 is a date of no consequence.

The claims asserted, while tied to the improper and harassing investigation, actually flow from the improper publication and the conspiracy to chill Plaintiff's complaints regarding failures of the system – both in terms of care and Medicare funds – that are rampant in the AHCCCS system.[2] The central issue is the publication; no claim currently alleged is specifically premised on the harassing and intrusive investigation.

Finally, it should be noted that the Complaint is against Mercy Care only as to the civil conspiracy (Fifth) and civil rights (Seventh) causes of action. The Eighth Cause of Action for *respondeat superior* is pleaded in the alternative and only comes into play if it appears that Means was, in fact, acting within the course and scope of her employment.

Plaintiff is only required to plead sufficient facts to show that Means knew of the falsity of the statements she published to a third party, or recklessly disregarded the truth of the matters asserted, and that she and her employer agreed with DES to pursue actions against Plaintiffs knowing they were unfounded. These elements have been amply demonstrated by the Complaint at the pleading stage. Dkt. 24, 3:15-16 (Mercy Care and DES are intertwined); 4:4-12 (same); 4:13-15 (Means acted with malice); 4:25-5:1 (Mercy Care failed to provide benefits and actively worked to ensure Alinka was unable to bring attention to these failures); 5:14-28 (For months Alinka Sullivan had been voicing complaints regarding the lack of support and care provided to Ms. Pawlowski by Ms.

---

[2] In a recent news article discussing the money laundering scheme by a "high level employee" at AHCCCS, where more than $5 million that went into Michael Veit's personal account, Assistant Attorney General Mary McGary stated that the true victims of the abuse are "the most indigent members of the population who expect to get that fund, to pay for necessary medical services." Mrs. Pawlowski and her daughter were among those victims as they struggled to obtain proper care without the funds to which they were entitled. There can be little doubt that Heather Means and AHCCCS had motive for laying the blame for missing funds at Alinka Sullivan's feet, and shut down her complaints that Means was failing to provide the AHCCCS funds for services and medical equipment. http://www.azcentral.com/story/news/local/phoenix-breaking/2016/03/15/former-ahcccs-employee-pleads-guilty-theft-scheme-stole-millions-state-funds/81822516/ (visited 3/17/15); *Cf.* Dkt. 24, 5:17-24 (¶¶ 24-26).

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



Means. (¶25) and "Means took steps to ensure that Ms. Pawlowski's Medicare and AHCCCS were terminated and/or delayed, pressuring Plaintiffs to pay for costs that should have been covered under those systems" (¶ 26), and Plaintiff vehemently complained to Means and Mercy Care of the problems (¶ 27); 6:1-8 (Means and Dirienzi opened a specious investigation curtail Plaintiff's complaints about missing Medicaid benefits, *etc*.); 7:23-25 (all defendants knew the information provided to Scotland was false); 10:53-11:3 (Mercy Care knew that the accusations against Alinka were baseless, but allowed the libelous comments to be published).

Despite the specificity of the Complaint, Mercy Care badly twists and ignores properly pleaded facts, going so far as to assert that "Plaintiffs do not plead facts about what services Ms. Means was allegedly denying Ms. Pawlowski." Dkt. 28, 9:7-8; *Cf.* Dkt. 24, 5:14-28, *supra.* The motion to dismiss is specious. In truth, Mercy Care furthered a baseless investigation and the defamatory publication by Heather Means. It was foreseeable that this conduct would lead to interference of Alinka Sullivan's relationship with her mother and result in the information being released to third parties. Dkt. 24, 19:1-23. No more is required at this stage of the pleadings.

## III.    ARGUMENT.

### A.    Standard of Review on Motion to Dismiss.

#### 1.    The Disputed Report is Not Relied Upon by Plaintiff.

Defendants improperly attach the "Dundee Petition" in its entirety for the truth of the matters asserted therein. This is flagrantly inappropriate, and the cases cited by Defendant do not support their proposition. The general rule is stated in *U.S. v. Richie,* 342 F.3d 903, 907 (9th Ci. 2003). "When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving party an opportunity to respond." *Id.* The case goes on to consider exceptions, but those exceptions make it clear that none apply in this case. In particular,

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



mentioning a document does not permit the court to rely upon the document in its totality. *Id.* at *Ritchie*, at 908.

The same is true regarding *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). In that case, the question was what the viewers would see before viewing a single picture and caption of Evil Knievel and his wife where the caption labeled him as a "pimp." The picture could only be seen by the public after accessing numerous other such photos. Those other photos put the Knievel picture in context and removed the defamatory implications. *Knievel* is, therefore, irrelevant; the documents in this case would unavailable but for their new status as Pacer records.

The *fact* of the publication of defamatory allegations is central to Plaintiff's complaint, but the petition itself contains myriad assertions that are factually inaccurate, not relevant and not relied upon.

2.    Admission of the Petition Violates the Doctrine of Incorporation.

The doctrine of incorporation is inappropriate for mere allegations. *Kerr v. First Franklin*, CV 12-08065-PCT-JAT, 2012 WL 4359082, at *1 (D. Ariz. Sept. 21, 2012).  As stated in *Kerr,* "[i]t is not appropriate to incorporate a motion or statements or allegations contained in a motion by reference into an Amended Complaint." *Id.* at fn. 3.  Federal Rule of Civil Procedure 10(c) which governs incorporation does not provide for motions to be incorporated by reference. *Id.*  The reasoning seems clear: An allegation is not evidence.

Similarly, a document is not properly incorporated where the relevancy is disputed and the document has not been subject to discovery.  In this case, the Petition nothing more than a motion asking the Scottish Court for a form of decision, and thus contains mere allegations.  It is not relevant as to Plaintiffs' Complaint.

The petition is also highly prejudicial contrary to Rule of Evidence 403.  Rule 403, Rules of Evidence, 17A A.R.S., which is identical to the federal rule states:

> The court may exclude relevant evidence if its probative value
> is substantially outweighed by a danger of one or more of the
> following: unfair prejudice, confusing the issues, misleading

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Here, the gravamen of the complaint is that the statements made to Ms. Carena were false.  The admission of additional false statements contained in the petition is highly prejudicial, and not relevant.  Admitting this petition would convert this to one for summary judgment in advance of any opportunity to subject the statements to verification through discovery.   Not only is the document itself not relevant, it has not been subjected to any authentication.

1.  <u>The Exhibits Are Not "Public" or Freely Available to Anyone.</u>

Defendants err in asserting that the Dundee Petition is a "public record" as that term is used to justify incorporation.  *In Pension Benefits Guaranty Corp. v. White Consol Industries, Inc*., 998 F.2d 1192, 1196 (3d Cir.1993) the court set forth the scope of documents that can be considered "public."  These included published reports of administrative bodies, or other documents to which the public has "unqualified access to all of the documents at issue."  *Id*. at 1197.

The Dundee Petition is a Scottish motion requesting action by its Sheriff.  It does not have the gravitas of a court's opinion or findings of fact.  It could not be sought even through a Freedom of Information Request.  There are significant obstacles to obtaining the Dundee Petition, if it could be publically obtained at all.  *Pension Benefits* held that a document is not a public record simply because it may be available through some channels.  Rather, the court noted that if it is unclear whether the document is confidential or disclosable, the "public records" exception will not apply.  *Id*. at 1197.  The public records exception cannot be made out in this case.

2.  <u>The Petition is Not Central to the Complaint.</u>

The Defendants err when they assert that the entire Petition was "central" to Plaintiffs' complaints. Dkt. 28, 4, fn. 3.  A document may be quoted without it being "central" to the complaint.  "The documents here were to some extent quoted, but limited quotation does not constitute incorporation by reference." *Goldman v. Belden*, 754 F.2d 1059, 1066 (2d Cir. 1985) (rejecting incorporation where documents are used to test

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



misrepresentations).  "The court's function on a Rule 12(b)(6) motion is not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Id.,* at 1067 (citing, *e.g., Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.,* 748 F.2d 774, 779 (2d Cir.1984).

3.   The Court May Not Take Judicial Notice of Disputed Facts.

The court may not take judicial notice facts subject to reasonable dispute.  *Intri–Plex Technologies, Inc. v. Crest Group, Inc.,* 499 F.3d 1048, 1052 (9th Cir.2007).  The case of *Lee v. City of Los Angeles,* 250 F.3d 668 (9th Cir. 2001) is instructive.  In that case, the defendants' motion to dismiss attached a waiver form and a hearing transcript.  The district court took judicial notice of these documents, which contained disputed facts.  The Ninth Circuit reversed, chastising the district court for taking judicial notice of a fact that was "subject to reasonable dispute." *Id.* at 689-90 (citing Fed.R.Evid. 201(b)).  As stated by the Ninth Circuit:

> [T]he district court had authority under Rule 201 to take judicial notice of the *fact* of the extradition hearing, the *fact* that a Waiver of Extradition was signed by Kerry Sanders, and the *fact* that Kerry Sanders purportedly waived his right to challenge his extradition . . .  The court may also have had the authority to do so because plaintiffs' First Amended Complaint repeatedly refers to the extradition process that Kerry Sanders underwent, and arguably incorporates the fact of the extradition hearing and the waiver by reference. (citation) But the court did more than take judicial notice of *undisputed* matters of public record. The court took judicial notice of *disputed facts* stated in public records. *Id.* (emphasis original).

The Ninth Circuit concluded that a court may notice another court's opinion, but may not do so for the truth of the matters asserted. *Id.*; *accord Borodkin v. Xcentric Ventures, L.L.C.,* 908 F. Supp. 2d 1040, 1046 (D. Ariz. 2012) (citing Fed. R. Evid. 201(b)) (judicial notice limited to facts "not subject to reasonable dispute.").

That is precisely what Defendants are asking this Court to do with regard to the Petition: Accept as fact the highly disputed statements, including dates, that are wrongfully asserted in the foreign motion.  This, the court may not do without converting the motion to one for summary judgment <u>and</u> providing Plaintiff an opportunity to

**SCHLESINGER CONRAD LAW FIRM**
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



conduct discovery to controvert the matters.

It is the fact – which Defendants do not deny – of the transmission of false information in violation of Plaintiff's rights, liberty interests and due process rights that supports this suit. The totality of the Dundee Petition is not central. All exhibits to the motion to dismiss and <u>all references</u> to them should be stricken.[3] To the degree the Court opts to consider the motion as one for summary judgment, Plaintiff seeks leave under Rule 56(d) for time to conduct discovery.

### B.   Defendants Err Regarding the Relevant Bar Dates and Elements.

1.   <u>The Bar Date Stated by Defendants is Simply Wrong.</u>

Defendants reach erroneous conclusions regarding the statute of limitation. As an initial matter, Defendants state that "[o]n November 30, 2015, Plaintiffs filed this lawsuit." Dkt. 28, 5:18-19. That is simply incorrect. The lawsuit was filed on August 31, 2015. Dkt. 1-1. From this blatant error, Defendants continue to cite to disputed dates and alleged facts in the Petition and conclude incorrectly that the claims are barred. In this case, the only facts that matter are (a) the record in this Court of the actual dates; and (b) the properly pleaded allegations in the Complaint.

The Plaintiff learned of the defamatory communication on or after September 24, 2014. Dkt. 24, 5-6 (¶ 37). The Notice of Claims were properly sent on March 16, 2015, less than 180 days after accrual of the claim. Dkt. 24, 12:16-17 (¶67). The Complaint was filed on August 31, 2015. The date of November 30, 2015 has no bearing on the statute of limitations.[4]

---

[3] This applies to the Petition attached to Mercy Care's motion, and applies with more force to the documents attached to the State's Motion to Dismiss. If this Court does not strike the documents, Plaintiffs beseech this Court to seal the exhibits to both motions to dismiss. Private identifying information should not be a matter of public record in defiance of Federal ECF rules to redact.

[4] The Arizona Complaint was filed on August 31, 2015. Dkt. 1-1, Pg. 8 of 45. The complaint was amended on November 30, 2015, but made no substantive changes. Defendant holds itself out as "Mercy Care", but attempted service was refused. The Amendment only changed the trade name of "Mercy Care" to "Southwest Catholic Health Network Corporation". *Cf.* Dkt. 1-1 (8 of 45) and 1-1 (22 of 45). The amendment date has no bearing on the statute of limitations under the relation back doctrine. *Krupski v. Costa Crociere S. p. A*., 560 U.S. 538, 553 (2010).

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



Defendant Mercy Care asserts that the publication "must have occurred sometime between May 2014 . . . and August 29, 2014 when the Dundee Report was filed with the Dundee Sheriff.  Dkt. 28, 6:22-26.  First, it is not a "report", but a motion or petition. Second, the speculation by Mercy Care is contradicted by the Complaint stating Plaintiff discovered the publication on or after September 24, 2014.  Dkt. 24, 7:5-6.

2.  <u>No Statute of Limitation Bars the Complaint.</u>

In Arizona, it is well-established that a cause of action for defamation accrues when the wronged party discovers a defamatory publication that was made in a manner that was in an inherently concealed manner.  *Dube v. Likins,* 216 Ariz. 406, 416, ¶ 29 (App. 2007)**;** *Carey v. Maricopa County,* 2009 WL 750220 (D. Ariz., March 10, 2009).  A.R.S. § 12–821.01 defines when such a cause of action accrues: "when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition which caused or contributed to the damage." A.R.S. § 12–821.01(B).

The statute of limitation began to run only after Ms. Sullivan learned of the defamatory material on or after September 24, 2014.  Dkt. 24, 5-6 (¶ 37).  Thus, the August 31, 2015 filing was timely.

The same is true for false light invasion of privacy and negligent infliction of emotional distress.  Both have two year statutes of limitations which were protected by the superior court filing on August 31, 2015.  Defendant relies on *Hanson v. Stoll* 130 Ariz. 454, 460 (App. 1981) and *Hatch v. Reliance Ins. Co*., 758 F.2d 409 (9th Cir. 1985) for the proposition that Plaintiffs' claims are barred.  Again, because Defendants did not confirm the date of filing, by meet and confer or otherwise, they have badly misstated the issues.

"In Arizona the gravamen of an action for invasion of the right of privacy is the injury to the feelings of the plaintiff, and the mental anguish and distress caused thereby." *Hanson, supra* (citing *Fernandez v. United Acceptance Corp*., 125 Ariz. 459, 462 (App.1980)).  Invasion of privacy involves personal injury (mental distress), and sounds mainly in tort.  *Hanson* held that it is governed by the two-year limitation of A.R.S. § 12-



**SCHLESINGER CONRAD LAW FIRM**
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028

542. Obviously, mental anguish did not occur until after the Petition was filed and Plaintiffs found out the basis of that Petition.

As the causes of action accrued on or after September 24, 2014, Dkt. 24, 7:5-6 (¶ 37); 8:8-11 (¶42), and the Complaint was filed on August 31, 2015 (Dkt. 1-1) there is no question that the action is not barred.[5] Thus, Defendants' argument that any claim is time-barred is without merit, and the motion should be denied on that basis.

### C.    The Complaint Meets the Plausibility Standard.

In light of all the government corruption – from the Veteran's Administration to AHCCCS – it is not hard to picture a system being manipulated to protect missing funds or inept job performance. The Complaint alleges that Means was under fire from Alinka's complaints about missing Medicaid benefits and lack of supportive care for a mother who suffered from advanced stages of Parkinson's disease. Dkt. 28, 5:6-16. It also makes it clear that even a modest attempt to understand the condition would have revealed that frequent falls are a part of the disease, but Means chose to ignore that fact. *Id.* 5:6-9; 5:14-16. The Complaint states that Means and Dirienzi agreed to shut down Alinka Sullivan's complaints after Alinka threatened to make the problems public. *Id.* 5:35-6:8. Taken together, these allegations are sufficient to malice is more than plausible.

What is not plausible is that Dirienzi did not keep the purported case worker informed of the status of the retaliatory investigation. Heather Means was the prime complainant and central to the investigation. The investigation went on for nearly eight months. It was to have been closed on June 26, 2013, per the statement by Ian Brown of DES. Dkt. 28, 6:13-15. For some reason, not yet discovered, it took another two months to formally close it. *Id.* 6:18-22. At some point prior, the publication was made asserting an "open investigation." That raises the specter that the meritless investigation was kept open vindictively. These are all questions of fact. The basis for discovery has been set forth in the Complaint. The Rule 8 and *Iqball/Twombly* standards are met.

---

[5] In any event, "[w]hen discovery occurs and a cause of action accrues are usually and necessarily questions of fact for the jury." *Doe v. Roe*, 191 Ariz. 313, ¶ 32, 955 P.2d 951, 961 (1998).



**SCHLESINGER CONRAD LAW FIRM**
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028

## D.    Defendants' Bad Faith Reports Do Not Provide Immunity.

Equally without merit is Defendants' argument that Heather Means and Mercy Care are entitled to immunity.  First, Defendants err badly when they assert the burden to prove malice shifts to the Plaintiff simply on the assertion by Defendants in a motion to dismiss that the publications were privileged and that no malice existed.  The citations to *Selby v. Savard*, 134 Ariz. 222 (1982) and *Dombey v. Phoenix Newspapers, Inc*., 150 Ariz. 476 (1986) highlight Defendants' error.  Both cases are appeals from a verdict after trial. They have no bearing at this stage of the pleadings.

The case of *S. H. Kress & Co. v. Self,* 22 Ariz. App. 230, 233 (1974) is equally unavailing because, in that case, the store security guard believed that he was acting appropriately.  The court found that someone "acting in good faith and without malice" after trial on the issue, was not liable.  After trial, the court found that the plaintiffs had not proven malice.  Again, we are not at that stage, and the Complaint adequately pleads malice and the reasons for it.

"Actual malice is a question of fact for a jury and it can be demonstrated by proving a defendant made a statement knowing it was false or with reckless disregard of its truth." *Miller v. Servicemaster by Rees*, 174 Ariz. 518, 520 (App. 1992).  Where the issue is whether a qualified privilege has been abused or is defeated by malice, the issue should not be decided on a motion to dismiss because the determination of privilege turns on whether the speaker acted with malice.  "Actual malice is a question of fact for a jury and it can be demonstrated by proving a defendant made a statement knowing it was false or with reckless disregard of its truth." *Id.* at 520. Thus, malice is not an element that Plaintiff must prove or further allege at this stage.

In addition to the bar date being premised on an incorrect date, Defendants have apparently overlooked the numerous allegations that Means and Mercy Care acted with malice.  The allegations are properly supported, including malice and a motive for such malice, e.g., Means had failed to provide medical oversight or financial assistance to

**SCHLESINGER CONRAD LAW FIRM**
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



which Ms. Pawlowski was entitled, Plaintiff complained to Means' supervisor, and asked that Means' supervisor remove Means. (Dkt. 24, 5:17-28 (¶¶ 24-27).

Plaintiff has alleged sufficient facts, accepted as true as this Court must, to demonstrate actual malice or, at a minimum, a reckless disregard for the damage such false statements would cause. For the same reasons, Defendants' arguments regarding privilege must therefore also fail as to false light invasion of privacy and intentional infliction of emotional distress.

These last claims also fail as there can be no public function or goal in a retaliatory investigation of a citizen. Mercy Care alleges that they "were privileged by statute and common law" to report suspected elder abuse. They do not specify the statute to which they refer. Presumably, Mercy Care is relying on A.R.S § 36-2918.01. That statute states: "All contractors, subcontracted providers of care and noncontracting providers shall notify the director or the director's designee immediately in a written report of any cases of suspected fraud or abuse." *Id*. at (A) (emphasis added). Immunity attaches for notifying the director. *Id*. Defendants provide no support for having notified the director or the director's designee. Even if the evidence shows that such a notice was provided, if the facts confirm that the notice was done maliciously, no "good faith" would exist to trigger immunity. See § B. Thus, this section does not protect them.

To the degree they are relying on A.R.S. 46-453, section "A" of that statute makes an exception:

> Any person making a complaint, furnishing a report, information or records required or authorized by this chapter or otherwise participating in the program authorized by this chapter or in a judicial or administrative proceeding or investigation resulting from reports, information or records submitted or obtained pursuant to this chapter is immune from any civil or criminal liability by reason of such action, **unless the person acted with malice**. A.R.S. § 46-453 (emphasis added).

Thus, to the degree that Plaintiffs can establish malice at trial, this statute cannot protect Mercy Care. No blanket immunity can be inferred at this stage. Thus, Mercy Care's opinion that "it was reasonable that Mercy Care believed abuse was occurring" is –



SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028

**SCHLESINGER CONRAD LAW FIRM**
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028

at best – a defense.  Mercy Care's opinion is irrelevant at this stage, particularly since Plaintiff pleaded the reason that Means should have been aware of Ms. Pawlowski's condition and the falls that Means now refers to in order to shift the discussion.  Dkt. 24, 5:6-9; 5:14-19.  As a case worker, a failure to have even a passing Google-based knowledge of a client's condition is, at a minimum, reckless indifference. Launching a sweeping investigation without that knowledge is predictably going to end badly, as it did for Alinka Sullivan.  The Motion should be denied as malice was sufficiently pleaded and explained.

### E.    IIED is Sufficiently Pleaded and All Elements Are Stated.

The elements of intentional infliction of emotional distress are well-established. "The three required elements are: first, the conduct by the defendant must be 'extreme' and 'outrageous'; second, the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct; and third, severe emotional distress must indeed occur as a result of defendant's conduct." *Ford v. Revlon, Inc*., 153 Ariz. 38, 43 (1987).  Accusing someone of overdosing their own mother is "Outrageous!" Dkt. 28, 10:21-26.  This is pleaded as malice.  Dkt. 28, 14:14-23. Alinka was harassed by the investigation, deprived of aid for her sick mother, prevented from visiting her despite trips to Scotland, and not notified of her mother's death.  The outcome was predictable, or the likelihood that such an investigation would become public, causing emotional distress and permanently damaging Alinka's relationship with her mother was recklessly ignored.  The elements are met.  It is for a jury to decide.

### F.    Deprivation of Plaintiff's Due Process Rights and Liberties Were Pleaded Sufficient to State a Claim Under 42 U.S.C. § 1983 and Conspiracy.

The actions by Mercy Care predictably caused the interference with, *inter alia,* the mother/daughter relationship. "The privacy and autonomy of familial relationships involved in a case like this are unarguably among the protectible interests which due process protects. We can conceive of no more important relationship, no more basic bond



in American society, than the tie between parent and child." *Bohn v. Dakota County*, 772 F.2d 1433, 1435 (8th Cir. 1985).

A plaintiff establishes liability if she demonstrates an action taken with "deliberate indifference" was the "moving force" behind the foreseeable outcome. *Bd. of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (1997). "When the government brings legal actions against individuals and seeks to deprive them of liberty interests, the constitutional concerns are at their zenith." *Brittain v. Hansen*, 451 F.3d 982, 989-90 (9th Cir. 2006) (abuse cases require heightened constitutional scrutiny because "government-initiated proceedings that threaten the individual with a significant deprivation of liberty or stigma") (citing *Santosky v. Kramer*, 455 U.S. 745, 756 (1982)). An investigation that leads to potential criminal conviction and registry as an abuser is "legal process" in violation of Plaintiff's constitutional rights. *See, e.g., White v. Lee*, 227 F.3d 1214, 1238 (9th Cir. 2000) (the breadth of investigation and the comments to third party during investigation bore no relation to the narrow purpose claimed by defendants. Held: "The scope and manner of the investigation violated the plaintiffs' First Amendment rights."). Plaintiff has adequately pleaded her constitutional claims, as well as her abuse of process claim.

Likewise, conspiracy is adequately pleaded at this stage. Conspiracy requires only "(1) an agreement to accomplish an illegal objective, and (2) the intent to commit the underlying offense." *United States v. Moe*, 781 F.3d 1120, 1124 (9th Cir.) cert. denied, 136 S. Ct. 342 (2015). Plaintiff has pleaded each element and provided an explanation of the goal of the conspiracy. Dkt. 24, 13:7-12, *infra*.

Mercy Care wrongfully initiated an eight-month long investigation based on nothing more than a desire to chill Alinka Sullivan's free speech and right to protest the deprivation of Medicaid benefits and assistance to which her mother was entitled. Dkt. 28, 6:1-12; 10:27-11:4; 14:14-23. Means conspired with Dirienzi to effectuate that investigation (Dkt. 24, 6:1-8) and broadcast the outrageous allegations to a foreign agency. Dkt. 24, 13:7-12 (the conspiracy to publish the false statements was to "keep

**SCHLESINGER CONRAD LAW FIRM**
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



PLAINTIFF'S OPPOSITION TO DEFENDANT STATE DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028

[Sullivan] from exposing the problems she had observed in the AHCCS and related systems."). The foreseeable result was the impairment of the relationship between Alinka and her mother. Alinka was stigmatized as an abuser with no process to clear her name and restore her relationship. So thoroughly was she tainted by the publications she was not even notified of her mother's death.

Mercy Care argues, in apparent disregard of the actual pleadings, that Plaintiff has asserted only a "blank assertion" of the conspiracy. First, as cited directly above and elsewhere, that is not correct. The Complaint states the agreement, the context, the motive and players to the degree possible at this stage. Even under *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), a plaintiff at the pleading stage is provided leeway, though in order to prevail on a conspiracy claim independent action must be ruled out at trial or judgment on the pleadings. *Id.* at 555 ("a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations"). Plaintiff need only plead a plausible set of facts. *Id.* Reasonably, [w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Cristy v. Wells Fargo,* CV 11-1260-PHX-JAT, 2012 WL 369766, at *1 (D. Ariz. Feb. 6, 2012) (quoting *Twombly, supra*).

Plaintiff has pleaded sufficient facts to give Defendants fair notice and the grounds upon which the claims rest. That Means chose to retaliate against Alinka after Plaintiff asked for her to be removed and threatened to notify doctors and hospitals of the problems at Mercy Care, AHCCCS and related systems, is not "speculation" that runs afoul of Arizona or federal pleading standards. That she agreed with Dirienzi to publish the false statements is likewise not conjecture. Dkt. 24, 6:1-12; 13:7-12. Alinka Sullivan knows the accusations were false, and that is corroborated by the comments from Ian Brown and the letter from James Kelly. Dkt. 24, 6:13-15; 6:18-22. There was no substantiation, and that is well-pleaded. *Id.*

The baseless assertions by Heather Means set the chain of events in action. In the



end, Alinka Sullivan suffered a deprivation of familial rights to which she was entitled. She has pleaded her constitutional deprivations and the cause thereof.[6]

### G.    Plaintiff Adequately Pleads Causation.

Mercy Care asserts baldly that Plaintiffs failed to allege causation despite detailing the witch-hunt style investigation to which they subjected Alinka and John Sullivan.  A claim for damages, whether it is false light, defamation, intentional infliction of emotional distress or a violation of civil rights is adequately pleaded when the harm of such wrongs is a direct or proximate result of the acts of defendants.

By way of example, statutes that govern disclosure of personal information make it clear that neither Mercy Care, nor any defendant, could lawfully release information about anyone "other than a perpetrator against whom an allegation of abuse, neglect or exploitation has been substantiated." A.R.S. § 41-1959.  The corollary is that where allegations of abuse have not been substantiated, no identifying information may be disclosed.  Where an agency causes a foreseeable deprivation of liberty and association, liability attaches.

That happened here.  Mercy Care acted as the provider of governmental benefits and purported to provide care for a Ms. Pawlowski.  Dkt. 24, 3:17-20. Instead, Mercy Care "failed to provide benefits to which Ms. Pawlowski was entitled, and actively worked to ensure that Alinka was unable to bring attention to the failures by Mercy Care. Dkt. 24., 4:27-5:1.  Heather Means ignored the medical condition of Ms. Pawlowski, failed to provide medical oversight or financial assistance and took steps to ensure that Ms. Pawlowski's Medicare and AHCCCS were terminated or delayed.  This wrongful conduct culminated in Alinka's relationship with her mother being terminated, for all practical purposes.  The agreement with Dirienzi to conduct the investigation and then, ultimately, advise Dundee that there was an "open investigation" along with details of the allegations, brought Alinka into such disrepute that she was turned away at the door when

---

[6] Please see discussion at Opposition to State's Motion to Dismiss, which is incorporated herein by reference as though fully set forth here.

SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028



she tried to visit her mother.  Dkt. 24, 6:1-8; 10:23-27-3.  Alinka suffered financially, and suffered anxiety, depression and guilt.  Dkt. 24, *inter alia,* 15:1-4.

As it is beyond dispute that an eight-month investigation and subsequent publication of false accusations would have such an impact, causation has been pleaded sufficiently.

**H.    Defendants' Claim for Attorney's Fees is Outrageous Where Defendant Stipulated to an Amended Complaint and Failed to Meet and Confer Pursuant to Court Order Prior to Plaintiff's Filing a Properly Pleaded Complaint.**

The "Certificate of Conferral" is misleading, at best.  The dates show clearly that no meet and confer occurred prior to this motion being filed.  Indeed, the only meet and confer was approximately two weeks *before* this stipulated Amendment was filed.  That violates the letter and spirit of this Court's Order (Dkt. 14, *supra*).

But for the stipulation of counsel, including counsel for Mercy Care, Plaintiff would not have likely filed a Second Amended Complaint.  It would be an absurd result if Plaintiff attempted to satisfy Mercy Care's concerns and got sanctioned for the effort.

This case is at the pleading stage, and Alinka and John Sullivan have valid complaints.  They know the facts of what happened.  To the degree the Complaint requires any additional specificity, it can probably be provided.  But sanctions in the form of attorney's fees should not issue where Mercy Care could have, but failed to, contact Plaintiff's counsel before spending the time or money on an additional motion to dismiss.  Such an order would be practically unprecedented.  In truth, it is a bullying tactic, which has been the story of this entire case.  The motion to dismiss should be denied, and this case should be allowed to proceed to discovery.

Respectfully submitted.

Dated:  March 18, 2016                SCHLESINGER CONRAD LAW FIRM

By /s/ Kira A. Schlesinger
Kira A. Schlesinger,
Attorneys for Plaintiffs
Alinka and John Sullivan

**SCHLESINGER CONRAD LAW FIRM**
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028





SCHLESINGER CONRAD LAW FIRM
3936 E. DESERT COVE AVENUE, 1ST FL., PHOENIX, AZ 85028